1  FORREST BOOTH (SBN 74166)
   Forrest.Booth@kennedyslaw.com
2  TRAVIS WALL (SBN 191662)
   Travis.Wall@kennedyslaw.com
3  SHAIN WASSER (SBN 293706)
   Shain.Wasser@kennedyslaw.com
4  KENNEDYS CMK LLP
   101 California Street, Suite 1225
5  San Francisco, CA 94111
   Tel.:    (415) 323-4461
6  Fax:    (415) 323-4445

7  CHRISTOPHER CARROLL (*pro hac vice*)
   Christopher.Carroll@kennedyslaw.com
8  TARA E. MCCORMACK (*pro hac vice*)
   Tara.McCormack@kennedyslaw.com
9  KENNEDYS CMK LLP
   120 Mountain View Boulevard
10 P.O. Box 650
   Basking Ridge, NJ 07920
11 Tel.:    (908) 848-6300
   Fax:    (908) 647-8390

12
   Attorneys for Plaintiff
13 STARR INDEMNITY & LIABILITY COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHART INDUSTRIES, INC.,<br><br>Defendant. | **Case No. 4:22-cv-03484-HSG**<br><br>**PLAINTIFF STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO CHART INDUSTRIES, INC.'S MOTION TO DISMISS, STAY, OR TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF GEORGIA**<br><br>Date: January 5, 2023<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2 – 4th Floor<br>Judge: Haywood S. Gilliam, Jr.<br><br>Complaint Filed: June 13, 2022<br>Trial Date: N/A |
|---|---|

# TABLE OF CONTENTS

I.   STATEMENT OF ISSUES (L.R. 7-4(a)(3))......................................................................1

II.  PRELIMINARY STATEMENT .....................................................................................1

III. BACKGROUND FACTS .................................................................................................2
    A. THE UNDERLYING ACTIONS..............................................................................3
    B. THE STARR POLICY ............................................................................................4
    C. STARR'S DECLARATORY JUDGMENT ACTION ............................................5
    D. CHART'S SUBSEQUENTLY-COMMENCED ACTION IN GEORGIA (AND STARR'S PENDING MOTION TO DISMISS SAME)..........................................5

IV. ARGUMENT......................................................................................................................5
    A. STARR HAS STANDING AND THE COURT HAS SUBJECT MATTER JURISDICTION BECAUSE A RIPE, JUSTICIABLE DISPUTE BETWEEN THE PARTIES EXISTS .............................................................................................5
    B. THE DECLARATORY JUDGMENT ACT IN NO MANNER CALLS FOR A STAY OR DISMISSAL OF THIS ACTION ........................................................7
    C. 28 U.S.C. § 1404(a) DOES NOT WARRANT TRANSFER OF THIS ACTION TO THE NORTHERN DISTRICT OF GEORGIA................................................10

V.  CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addy v. Bliss & Glennon*,
   44 Cal.App.4th 205 (2002) ................................................................................................... 7

*Am. Home Assurance Co. v. Tutor-Saliba Corp.*,
   Case No., 2015 WL 2228062  (N.D. Cal. May 12, 2015) ................................................. 12

*Apple Inc. v. Psystar Corp.*,
   658 F.3d 1150 (9th Cir. 2011) ............................................................................................ 9

*Aquatic Amusements Assocs., Ltd. v. Walt Disney World Co.,*
   734 F. Supp. 54 (N.D.N.Y. 1990) ..................................................................................... 10

*Blue Ridge v. Jacobsen*,
   25 Cal.4th 489 (2001) ....................................................................................................... 10

*Bucur v. Ahmad*,
   244 Cal.App.4th 175 (2016) ............................................................................................... 7

*Byler v. Deluxe Corp.,*
   222 F.Supp.3d 885 (S.D. Cal. 2016) ................................................................................. 10

*Carolina Cas. Co. v. Data Broadcasting Corp.,*
   158 F.Supp.2d 1044 (N.D. Cal. 2001) .............................................................................. 12

*Church of Scientology of Cal. v. United States Dep't of Army*,
   611 F.2d 738 (9th Cir. 1979) .............................................................................................. 9

*Climax Portable Machine Tools, Inc. v. Durango Assoc., Inc.*,
   No. 90-1296, 1991 WL 25458 (D. Or. Feb. 13 1991) ...................................................... 10

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*,
   713 F.3d 71 (11th Cir. 2013) .............................................................................................. 9

*Columbia Casualty Co. v. SMI Liquidating,*
   No. C 10–02057 CRB, 2010 WL 3037242 (N.D. Cal. July 30, 2010) ............................. 12

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) .................................................................................................. 11
*Gelfo v. Lockheed Martin Corp.*,
   140 Cal.App.4th 34 (2006) ..................................................................................................... 7
*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) .................................................................................................. 11
*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ................................................................................................ 9
*LM Gen. Ins. Co. v. Corley*,
   No. 1:19-cv-02903-TCB, 2019 WL 9633376 (N.D. Ga. Dec. 30 .................................... 12
*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) .............................................................................................. 9
*Martensen v. Koch*,
   942 F.Supp.2d 983 (N.D. Cal. 2013) .................................................................................. 10
*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*,
   675 F.2d 1169 (11th Cir. 1982) .............................................................................................. 9
*Omnicell, Inc. v. Medacist Solutions Group, LLC*,
   272 F.R.D. 469 (N.D. Cal. 2011) ......................................................................................... 10
*Owners Ins. Co. v. Comfort Air Corp.*,
   No. 1:17-cv-1092-WSD, 2017 WL 2813676 (N.D. Ga. June 29, 2017) .......................... 12
*Pfeiffer v. Himax Technologies, Inc.*,
   530 F. Supp. 2d 1121 (C.D. Cal. 2008) ............................................................................... 11
*Price v. Wells Fargo Bank*,
   213 Cal.App.3d 465 (1989) ................................................................................................... 7
*Charter Oak Fire Ins. Co. v. Rimini Street, Inc.*,
   No. 2015 WL 4914476 (N.D. Cal. Aug. 17, 2015) ........................................................... 12
*Stewart Org. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ................................................................................................................. 11

iii

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

*T.H.E. Ins. Co. v. Acker on behalf of Boyd*,
  No. 1:19-cv-04436-SDG, 2020 WL 3404940 (N.D. Ga. June 11, 2020) ....................................... 12

*Thurman v. Bayshore Transit Management, Inc.*,
  203 Cal.App.4th 1112 (2002) ................................................................................................. 7

*Valerio v. Andrew Youngquist Construction*,
  103 Cal.App.4th 1264 (2002) ................................................................................................. 7

*Young v. L'Oreal USA, Inc.*,
  526 F.Supp.3d 700 (N.D. Cal. 2021) ..................................................................................... 9

**<u>Statutes</u>**

28 U.S.C. § 1391(b)(2) ............................................................................................................. 2, 12

28 U.S.C. § 1404(a) ............................................................................................................ 1, 10, 11

28 U.S.C. §§ 2201 and 2202 ......................................................................................................... 5

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................ 1

Fed. R. Civ. P. 12(b)(3) ................................................................................................................ 5

Rule 57 of the Federal Rules of Civil Procedure ........................................................................ 5

iv

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

## I.   STATEMENT OF ISSUES (L.R. 7-4(a)(3))

1. Whether Starr's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction.

2. If this Court determines is has subject matter jurisdiction (or declines to reach the issue), whether Starr's Complaint should be dismissed or stayed pursuant to the Court's discretion under the Declaratory Judgment Act.

3. Alternatively, whether the Court should transfer this action to the District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## II.   PRELIMINARY STATEMENT

As established in greater detail herein, not a single one of Defendant Chart Industries, Inc.'s ("Chart") arguments in support of its Motion To Dismiss, Stay, Or Alternatively, Transfer This Action To The Northern District Of Georgia (the "Motion") rises to the level of warranting any of the relief Chart requests.  First, Chart's claim that Plaintiff Starr Indemnity and Liability Company ("Starr") lacks standing because this matter is not ripe for resolution is meritless.  Chart has demanded that Starr tender the full limits of the Starr policy in order to settle numerous underlying lawsuits against it.  In response to this demand, in February 2022, Starr agreed to make its full policy limits available to Chart to settle the underlying actions and reserved its right to seek reimbursement from Chart for any non-covered claims.  Chart refuses to agree to this reservation, and in support of its position, has recently invoked Georgia law which, in contrast to California law, prohibits an insurer from asserting that right. Accordingly, a dispute between the parties exists and this action is ripe for resolution so that settlement of the underlying actions may be accomplished.

Indeed, Chart's commencement of its own competing declaratory judgment action in the District Court for the Northern District of Georgia highlights the existence of a ripe and justiciable controversy.  In its Complaint filed in the District Court for the Northern District of Georgia, Chart alleges that, "An actual and justiciable controversy exists between Chart and Starr regarding Starr's duty to indemnify Chart in connection with the Underlying Lawsuits pursuant to the Starr Policy." This statement constitutes a binding, judicial admission that precludes Chart from contending otherwise before this Court.

1

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS, STAY, OR TRANSFER
Case No. 4:22-cv-03484-HSG

Equally unavailing is Chart's argument that the District Court for the Northern District of Georgia should exercise its authority under the Declaratory Judgment Act to stay or dismiss this action so that the facts in the underlying actions, which allegedly impact the coverage issues, may be litigated. All of the critical facts have already been determined, and Chart is endeavoring to settle those underlying actions. Furthermore, the primary issue to be litigated here is purely a matter of law as it pertains to the scope of coverage under the Starr policy. This Motion may be decided independent of the facts giving rise to the underlying actions.

Alternatively, Chart requests a transfer of this matter to the District Court for the Northern District of Georgia, which is equally unwarranted, as a transfer would directly contravene the first-to-file rule, and even if it did not, Chart's Motion, in any event, fails to offer any compelling basis to overcome the "strong presumption" in favor of Starr's choice of forum, or demonstrate that the balance of conveniences "weigh heavily in favor" of the proposed transfer. Chart cannot sustain these heavy burdens because Starr's duty to indemnify Chart, if at all, arose in California – where the alleged injuries to the underlying plaintiffs occurred when the cryogenic storage tank, allegedly manufactured by Chart, failed. California is clearly the more appropriate venue, not only because it is where the alleged damages occurred, but also because it is where the underlying actions are pending.

Finally, venue in the District Court for the Northern District of California is consistent with how both California and Georgia courts routinely interpret 28 U.S.C. § 1391(b)(2), which states that venue is proper in any "judicial district in which a substantial part of the events giving rise to the claim occurred." Under this statute, both California and Georgia courts have held that in an action involving a coverage dispute, the court should look to the underlying events for which coverage is sought, and where the underlying action(s) is pending. In light of the foregoing, Starr respectfully submits that the Court should, in all respects, deny Chart's Motion.

### III.   BACKGROUND FACTS

This declaratory judgment action between Starr and its insured, Chart, arises out of numerous underlying lawsuits pending here in California. Those underlying lawsuits were commenced by various plaintiffs whose frozen eggs and embryos were destroyed due to the mechanical failure of a liquid nitrogen cryogenic tank allegedly manufactured by Starr's insured, a Chart subsidiary, at the

2

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

Pacific Fertility Center ("PFC") in San Francisco, California on March 4, 2018 (the "Incident"). Chart and the underlying plaintiffs have agreed to settle the claims arising out of the Incident. Chart has demanded that Starr partially fund the settlement and waive any coverage defenses.

Among other things, Starr's instant coverage action against Chart seeks a declaration that the Starr Policy does not afford coverage for any non-economic damages awarded to the underlying plaintiffs for emotional distress as a consequence of the loss of their embryos and eggs. It is Starr's position that non-economic damages for emotional distress do not constitute damages "because of" "property damage" within the meaning of the Starr Policy's insuring agreement.[1]

### A.     THE UNDERLYING ACTIONS

In or about March 2018, a lawsuit was filed against Chart in the Superior Court of California, County of San Francisco, in connection with the loss of the embryos and eggs. To date, more than 200 plaintiffs have filed lawsuits against Chart, and other defendants, in the Superior Court of California and the District Court for the Northern District of California. The state court cases are currently coordinated in *Pacific Fertility Cases*, under docket number CJC-19-005021, in the Superior Court for the County of San Francisco, while the federal court cases pending in the Northern District of California are coordinated in *In re Pacific Fertility Center Litigation*, under case number 3:18-cv-01586 (collectively, the "Underlying Actions").

Chart has admitted that it and the underlying plaintiffs have reached a settlement to resolve the remaining Underlying Actions. In accordance with Chart's demand that its insurers fund the settlement, Starr has agreed to fund Chart's settlement of the Underlying Actions subject to a reservation of rights to seek recoupment for any amounts that are subsequently determined not to be covered by the Starr Policy. Starr is interested in assisting Chart in resolving the Underlying Actions, but the dispute between whether California law or Georgia law applies to the recoupment issue is delaying the resolution. California law explicitly permits an insurer to reserve the right to recoup from

---

[1] Starr maintains that coverage under the Starr Policy is inapplicable also because (1) the underlying damages are not caused by an "occurrence" (as Chart was aware that its tank was defective well in advance of the Incident); and (2) the Starr Policy excludes coverage for damages expected or intended from the standpoint of the insured.

3

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

its insured any sums of money that the insurer pays to settle a lawsuit and are not covered by the policy. That doctrine encourages insurers to participate in underlying settlements without forfeiting any rights they might otherwise have under the policy. In contrast, Georgia law prohibits an insurer from reserving such a right unless the policy explicitly allows for that, or the parties agree to recoupment.

### B.     THE STARR POLICY

On the date of the Incident, Chart maintained a Commercial Excess Liability Policy, policy no. 1000040617181, with Starr (the "Starr Policy"). The Starr Policy has a $50 million limit of liability and is excess of $100 million in underlying limits. The Starr Policy was delivered to Chart in Georgia, where its corporate headquarters are located and states, "This Policy is governed by the laws of the state where it was delivered." ECF 1-1 at p. 3.

The Starr Policy follows form to an underlying policy (the "Allianz Policy"), which affords coverage for sums that Chart "becomes legally obligated to pay as damages by reason of liability imposed by law . . . because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to which this insurance applies."[2] *See* Declaration of Tara E. McCormack ("McCormack Dec.") at Exhibit C at SLIC000008. The Allianz Policy further provides that it applies only to "bodily injury" and "property damage" that is caused by an "occurrence" during the policy period. (Id.). It defines "bodily injury" as "bodily injury, sickness, disability or disease sustained by a person, including death resulting from any of these at any time," which includes "humiliation, shock, mental anguish or other mental injury resulting from 'bodily injury'" (Id. at SLIC000011). In contrast, "property damage" is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." (Id. at SLIC000015). The definition of "property damage" does not include emotional harm resulting from property damage. (Id.).

---

[2] The parties do not dispute that this matter involves no "Personal Injury" or "Advertising Injury."

4

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

C.      **STARR'S DECLARATORY JUDGMENT ACTION**

Although Starr agreed to partially fund the underlying settlement subject to a reservation of rights to seek recoupment under California law, Starr contends that the non-economic damages do not constitute damages "because of" "property damage" under the Starr Policy.  Accordingly, Starr commenced this declaratory judgment action in this Court on June 13, 2022, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, seeking a determination that it has no obligation to indemnify Chart in connection with the Underlying Actions for various reasons (the "California Action").

D.      **CHART'S SUBSEQUENTLY-COMMENCED ACTION IN GEORGIA (AND STARR'S PENDING MOTION TO DISMISS SAME)**

After Starr commenced a declaratory judgment action in this Court, Chart rushed to file its own retaliatory and competing declaratory judgment action in the United States District Court for the Northern District of Georgia ("Northern District of Georgia"), Docket No. 1:22-cv-02395-LMM, in an attempt to frustrate the appropriate venue selected by Starr in its first-filed California Action, and to invoke Georgia law on the recoupment issue (the "Georgia Action").  McCormack Dec. at Exs. A, B.

Pursuant to Fed. R. Civ. P. 12(b)(3), Starr has moved to dismiss Chart's Complaint in the Northern District of Georgia, or in the alternative, to transfer venue to this Court to be consolidated with Starr's declaratory judgment action.  Starr's motion to dismiss is consistent with the "first-filed rule" (discussed below), which is widely recognized and respected by the federal courts of both California and Georgia.  McCormack Dec. at Ex. D.

IV.     **ARGUMENT**

A.      **STARR HAS STANDING AND THE COURT HAS SUBJECT MATTER JURISDICTION BECAUSE A RIPE, JUSTICIABLE DISPUTE BETWEEN THE PARTIES EXISTS**

Chart disingenuously argues that this action should be dismissed because it contains no claim that is ripe for resolution by this Court.  Chart goes so far as to boldly assert that Starr's request for a judicial determination as to what obligation, if any, it has to indemnify Chart in connection with the

5

Underlying Actions is premature. Surprisingly, Chart asserts that it "has not claimed that Starr owes a 'present obligation to indemnify Chart.'" ECF 20 at p. 14. Chart's argument could not be further from the truth.

Underlying Actions is premature. Surprisingly, Chart asserts that it "has not claimed that Starr owes a 'present obligation to indemnify Chart.'" ECF 20 at p. 14. Chart's argument could not be further from the truth.

Contrary to the augments presented in this Motion, Chart has filed a nearly identical declaratory judgment action against Starr in the District Court for the Northern District of Georgia ("Georgia Action"), in which it "requests a declaration that Starr must defend and indemnify Chart with regard to the Underlying actions." McCormack Dec. at Ex. B at p. 14. In its Complaint in the Georgia Action, Chart alleges that "[a]n actual and justiciable controversy exists between Chart and Starr regarding Starr's duty to indemnify Chart in connection with the Underlying Lawsuits pursuant to the Starr Policy." (Id. at ¶ 4). Specifically, Chart alleges that "Starr has now breached the Policy by refusing to pay its limits to resolve the Underlying Actions" and acknowledges that it made a "prior demand" that Starr pay its full policy limits. (Id. at ¶ 47).

Notwithstanding its argument that the California Action is not ripe, in the Georgia Action, Chart has requested that the Northern District of Georgia issue a ruling on Starr's obligation to *indemnify* Chart. Conveniently, in the present Motion, Chart fails to mention that in November 2021, it demanded that its insurers, including Starr, tender their full policy limits to settle the Underlying Actions pending in California state and federal court in connection with the Incident at PFC.

Chart's initiation of its own declaratory judgment action against Starr in the Northern District of Georgia completely undermines and refutes any assertion by Chart that the instant coverage dispute is not ripe for resolution. The fact that the parties have filed competing coverage actions in different courts due, in part, to their dispute regarding whether California or Georgia law controls Starr's right to seek recoupment from Chart for any uncovered sums that Starr pays to settle the Underlying Actions, just further highlights that the parties' dispute is ripe for resolution.

In Chart's Complaint in the Georgia Action, Chart alleges that "**[a]n actual and justiciable controversy exists between Chart and Starr regarding Starr's duty to indemnify Chart in connection with the Underlying Lawsuits pursuant to the Starr Policy.**" (Id. at ¶¶ 47, 49) (emphasis added). This statement constitutes a formal, judicial admission by Chart that the parties' coverage dispute is ripe for resolution.

6

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

A judicial admission refers to a statement made in open court or in a pleading that constitutes an "unequivocal concession of the truth of a matter, and removes the matter as an issue in the case." *Gelfo v. Lockheed Martin Corp.*, 140 Cal.App.4th 34, 48 (2006); *see Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 482 (1989); *Valerio v. Andrew Youngquist Construction*, 103 Cal.App.4th 1264, 1271 (2002). Indeed, a judicial admission in a pleading is not merely evidence of a fact, but rather is "a conclusive concession of the truth of the matter" and is binding upon the party. *Addy v. Bliss & Glennon*, 44 Cal.App.4th 205, 218 (2002); 4 *Witkin, Cal. Procedure* (5th ed. 2008) Pleading § 455, p. 587. "The trial court may not ignore a judicial admission in a pleading, but must conclusively deem it true as against the pleader." *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal.App.4th 1112, 1155 (2002).

Critically, even when made in a different lawsuit, which is the case here, an allegation in a pleading constitutes a binding judicial admission. For example, in *Bucur v. Ahmad*, 244 Cal.App.4th 175, 187 (2016), the court held that a linehaul contract assignors' allegation in an assignee's prior breach of contract lawsuit against it – that a shipping company (FedEx) did nothing wrong in connection with the termination of the linehaul contracts, and that the assignors merely named FedEx as a party in order to facilitate proper rescission of the contract – was a binding judicial admission. According to the court, that judicial admission barred the assignors' claims in a subsequent lawsuit against the shipping company's representative for fraud, breach of contract, and conversion of the linehaul contracts. *Id.* at 181. The court held that since the assignor alleged in the earlier lawsuit that FedEx did nothing wrong in connection with the loss they incurred, the doctrine of judicial admissions barred the assignor from taking an inconsistent position in the subsequent case. *Id.* at 187.

In light of the foregoing, Chart is barred from arguing that Starr lacks standing due to the absence of ripeness. Accordingly, Chart's Motion must therefore be denied on this basis.

**B.    THE DECLARATORY JUDGMENT ACT IN NO MANNER CALLS FOR A STAY OR DISMISSAL OF THIS ACTION**

While it is true, as Chart maintains, that the Declaratory Judgment Act affords the court discretion to hear a case or to stay an action until the underlying action is litigated to conclusion, or to dismiss it entirely, no valid basis exists for the Court to dismiss or stay Starr's California Action

7

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

properly pending before this Court. The Court must reject Chart's assertions that this proceeding "should be deferred to allow the PFC Litigation to proceed and crystalize the questions of liability upon which Starr's indemnity obligations will turn" and that "the coverage question turns on facts to be litigated in the underlying action." ECF 20 at p. 2. If Chart truly believed either of these assertions were true, it would not have initiated its own competing declaratory judgment action in the Northern District of Georgia.

Furthermore, five of the underlying plaintiffs have already proceeded to a full trial, before a jury in California. That trial resulted in a jury verdict on June 10, 2021. The jury awarded a total of $475,000 in economic damages and $14,500,000 in non-economic damages (emotional harm) to these underlying plaintiffs. Chart has admitted that it and many of the underlying plaintiffs, including the trial plaintiffs, have reached a settlement to resolve the Underlying Actions. *See* McCormack Dec., Ex. B at ¶¶ 7, 47. Indeed, it is that very settlement which prompted Chart to demand that Starr (and its other insurers) pay the limit of its policy to resolve the remaining Underlying Actions. All of the Underlying Actions arise out of the same facts, which have already been litigated at trial, and it is disingenuous for Chart to argue that this coverage action be stayed pending the resolution of facts that have already been litigated.

In any event, the primary issue presented by Starr's Complaint in the California Action, as articulated in its First Cause of Action, is whether the non-economic damages awarded to the underlying plaintiffs are "because of" "property damage" within the meaning of the insuring agreement in the Starr Policy.

The issues in the California Action involve a question of law and contract interpretation that may be decided independent of the facts giving rise to the Underlying Actions. Chart's attempt to stay the California Action while the Underlying Actions are litigated, is nothing more than a thinly-veiled attempt to have this Court, in direct contravention with the first-to-file rule, refrain from hearing this case so that Chart can move forward with, and prosecute its own, subsequently-commenced declaratory judgment action in the Northern District of Georgia, where it will improperly argue that Georgia law governs the issue of Starr's right of recoupment.

The first-to-file rule is a doctrine of federal comity that allows a district court to decline

jurisdiction over a subsequently-filed action when a similar action is already pending in another district. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011). The rule's purpose is to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. United States Dep't of Army*, 611 F.2d 738, 751 (9th Cir. 1979), overruled on other grounds by *Animal Legal Def. Fund v. United States Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). It is a rule of "economy, consistency, and comity." *Young v. L'Oreal USA, Inc.*, 526 F.Supp.3d 700, 706 (N.D. Cal. 2021). Three factors are analyzed when deciding whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

Georgia takes the first-filed rule equally seriously and Starr anticipates the Northern District of Georgia will grant Starr's currently-pending motion to dismiss the Georgia Action. *See, e.g., Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005) ("where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

By filing its declaratory judgment action in Georgia, which admittedly involves the exact same facts, claims, and legal theories as Starr's first-filed California Action, and then seeking to dismiss, stay, or transfer the California Action to the Northern District of Georgia, Chart is engaging in a pattern of delay, obfuscation, and duplicity, not to mention forum shopping and unnecessarily wasting the resources of both the California and Georgia courts. The purpose of Chart's Motion is simply to frustrate Starr's right to have this coverage dispute resolved in California, which is the appropriate venue where Starr commenced this action *before* Chart filed its retaliatory action in Georgia.

Chart argues that, in the interest of judicial economy, the California Action should be transferred to the Northern District of Georgia simply because Chart had filed a separate, unrelated

9

coverage action in the Northern District of Georgia in February 2019 (the "Navigators Action"). *See Chart Industries, Inc., v. Navigators Ins. Co.*, No. 1:19-CV-0937-LMM. ECF 20 at p. 23. There, Chart sought a declaration that Navigators had an obligation to pay Chart's defense costs in the Underlying Actions. The Navigators Action was related to the PFC Litigation; however, it was based on a different policy, issued by a different insurer, and involved a different legal issue, unrelated to the indemnification or the right of recoupment. Chart also incorrectly assumes that because the court applied Georgia law to interpret the Navigators Policy, it will also apply Georgia law to interpret the Starr Policy. While Judge May, who presided over the Navigators Action, may be familiar with certain facts from the Underlying Actions, the California Action is based largely on legal issues and factual issues that are distinct to Starr and Chart. Accordingly, transfer of this action to the Northern District of Georgia does not benefit either the judiciary or the parties.

The requested stay or dismissal, if awarded, would be to the detriment of the underlying plaintiffs and contrary to the public policy of the State of California, which encourages insurers to participate in settlements in order to facilitate swift compensation to injured parties, by allowing an insurer to reserve its right to recoup from its insured amounts it contributes toward settlement, but that are later determined to not be covered by the subject policy. *See Blue Ridge v. Jacobsen*, 25 Cal.4th 489 (2001). The Court should, therefore, deny Chart's motion in all respects, and decline to stay or dismiss the California Action.

    C.    **28 U.S.C. § 1404(a) DOES NOT WARRANT TRANSFER OF THIS ACTION TO THE NORTHERN DISTRICT OF GEORGIA**

*28 U.S.C. § 1404(a)* allows for a change of venue for "the convenience of the parties and witnesses." The decision to transfer an action is within the sound discretion of the district court. *Martensen v. Koch*, 942 F.Supp.2d 983, 996 (N.D. Cal. 2013); *Omnicell, Inc. v. Medacist Solutions Group, LLC*, 272 F.R.D. 469, 473 (N.D. Cal. 2011). When a considering a motion to transfer venue, there is a strong presumption in favor of plaintiff's choice of forum, and this strong presumption is overcome only when private and public interest factors clearly point toward an alternative forum. *28 U.S.C. § 1404(a); Byler v. Deluxe Corp.,* 222 F.Supp.3d 885 (S.D. Cal. 2016), *Aquatic Amusements Assocs., Ltd. v. Walt Disney World Co.,* 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *Climax Portable*

10

STARR INDEMNITY & LIABILITY COMPANY'S OPPOSITION TO
CHART INDUSTRIES, INC.'S MOTION TO DISMISS
Case No. 4:22-cv-03484-HSG

*Machine Tools, Inc. v. Durango Assoc., Inc.*, No. 90-1296, 1991 WL 25458, at *3-*4 (D. Or. Feb. 13 1991). Chart has identified no such factors in support of transferring this matter to the Northern District of Georgia.

Furthermore, the movant bears the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of plaintiff's chosen forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This analysis is to be conducted on "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) (*citing Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In other words, the court must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. *28 U.S.C. § 1404(a)*; *Pfeiffer v. Himax Technologies, Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008). Though broadly defined, the "interests of justice" involves consideration of, among other things, which state is most familiar with the governing law, the plaintiff's choice of forum, the respective parties' contacts with the forum, and the contacts relating to the plaintiff's cause of action in the chosen forum. *Jones*, 211 F.3d at 498-99.

Here, Starr's duty to indemnify Chart, if at all, arose in California, where the injuries to the underlying plaintiffs took place and the location of the laboratory where the cryogenic storage tank allegedly manufactured by Chart failed. California is clearly the more appropriate venue, not only because it is where the alleged damages occurred, but also because it is where the Underlying Actions are pending.

Additionally, one of the issues between the parties is which state's law governs Starr's right to see recoupment. Chart itself has repeatedly maintained that California law, not Georgia law, governs this aspect of the parties' dispute. *See* McCormack Cert., Exs. D and E. Regardless of the law applied to issues of policy interpretation in this action, it is clear that the nature of the underlying damages will turn on questions of California law.

Venue in California is also consistent with interests of justice and the totality of the circumstances. Here, the parties seek a declaration regarding whether Starr has obligation to indemnify Chart for a judgment and a potential settlement in connection with hundreds of Underlying

Actions brought by underlying plaintiffs in California alleging a significant loss – the loss of eggs and/or embryos. Justice calls for the courts of California to decide an issue, which is sensitive and unique to its own citizens.

Finally, venue in the Northern District of California is consistent with how both California and Georgia courts routinely interpret 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events giving rise to the claim occurred"). This Court has held that "[i]n an insurance coverage action, to establish venue via section [28 U.S.C. § 1391(b)(2)], a court looks to the underlying events for which coverage is sought." *Columbia Casualty Co. v. SMI Liquidating,* No. C 10–02057 CRB, 2010 WL 3037242, at *3 (N.D. Cal. July 30, 2010) (quoting *Carolina Cas. Co. v. Data Broadcasting Corp.,* 158 F.Supp.2d 1044, 1047 (N.D. Cal. 2001) and holding venue was improper because "the 'underlying event for which coverage is sought' by Defendant . . . occurred outside of the Northern District" ); *Charter Oak Fire Ins. Co. v. Rimini Street, Inc.*, No. 2015 WL 4914476 (N.D. Cal. Aug. 17, 2015*)*; *Am. Home Assurance Co. v. Tutor-Saliba Corp.*, No., 2015 WL 2228062 (N.D. Cal. May 12, 2015) (transferring case to C.D. Cal. because, *inter alia*, underlying state court lawsuit was pending in C.D. Cal.).

Similarly, in insurance coverage actions, Georgia courts have repeatedly held that venue appropriately lies under 28 U.S.C. § 1391(b)(2) based on where the underlying actions and damages occurred. *See T.H.E. Ins. Co. v. Acker on behalf of Boyd*, No. 1:19-cv-04436-SDG, 2020 WL 3404940, at *2 (N.D. Ga. June 11, 2020); *LM Gen. Ins. Co. v. Corley*, No. 1:19-cv-02903-TCB, 2019 WL 9633376, at *1 (N.D. Ga. Dec. 30, 2019) (venue proper in N.D. Ga. pursuant to 28 U.S.C. § 1391(b)(2) "because this is the judicial district in which the underlying accident occurred"); *Owners Ins. Co. v. Comfort Air Corp.*, No. 1:17-cv-1092-WSD, 2017 WL 2813676 (N.D. Ga. June 29, 2017) (transferring venue to S.D. Ga. where underlying accident and litigation were venued.).

Chart's attempt to avoid the proper venue in order to litigate in Georgia has no basis in law or fact and, therefore, even assuming the Court finds some reason to disregard the first-to-file rule, the requested transfer should be denied.

## V.    CONCLUSION

For all of the reasons discussed above, Starr respectfully submits that Chart has failed in all

respects to sustain its hefty burden of proof on its Motion to Dismiss, Stay or Transfer and, consequently, its Motion should be denied in its entirety.

DATED:  August 17, 2022

Respectfully submitted,

KENNEDYS CMK LLP

By: *[signature: Shain Wasser]*

Forrest Booth
Shain A. Wasser
Travis Wall
Christopher Carroll (*pro hac vice*)
Tara E. McCormack (*pro hac vice*)
Attorneys for Plaintiff
STARR INDEMNITY & LIABILITY COMPANY