Exhibit D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| CHART INDUSTRIES, INC., | ) | |
| | ) | |
| | ) | CASE NO.: 1:22-cv-02395-LMM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| STARR INDEMNITY & LIABILITY | ) | |
| COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STARR INDEMNITY & LIABILITY COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(3) OR IN THE ALTERNATIVE TO TRANSFER VENUE

**FIELDS HOWELL LLP**
Jonathan Kramer (Bar No. 428967)
655 8th Street NW
Atlanta, GA 30318
Telephone: (404) 412-1250
Facsimile: (404) 214-1251
jkramer@fieldshowell.com

**KENNEDYS CMK LLP**
Christopher R. Carroll (*pro hac vice pending*)
Tara E. McCormack (*pro hac vice pending*)
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920

Telephone: (908) 848-6300
Facsimile: (908) 647-8390
Christopher.Carroll@kennedyslaw.com
Tara.McCormack@kennedyslaw.com
*Attorneys for Defendant*
*Starr Indemnity & Liability Company*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

PRELIMINARY STATEMENT ................................................................1

BACKGROUND FACTS .......................................................................3

LEGAL ARGUMENT ...........................................................................8

    I.    THE FIRST-FILED RULE SUPPORTS DISMISSAL OR
        TRANSFER OF THIS ACTION ON GROUNDS OF
        IMPROPER VENUE.................................................................8

    II.   THE NORTHERN DISTRICT OF CALIFORNIA IS AN
        APPROPRIATE VENUE.........................................................10

CONCLUSION .................................................................................15

# TABLE OF AUTHORITIES

**Cases** ........................................................................................................... **Page(s)**

*Apple Inc. v. Wi-Lan Inc.*,
    No. C 14-2838 CW, 2014 WL 4477362 (N.D. Cal. Sept. 11, 2014) .................... 9

*Blue Ridge Ins. Co. v. Jacobsen*,
    25 Cal.4th 489, 22 P.3d 313 (2001) ........................................................ 7

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*,
    713 F.3d 71 (11th Cir. 2013) .................................................................. 8

*Hi-Tech Pharms., Inc. v. Dynamic Sports Nutrition, LLC*,
    No. 1:15-cv-3393-MHC, 2015 WL 12834217 (N.D. Ga. Nov. 18, 2015) ............ 9

*LM Gen. Ins. Co. v. Corley*,
    No. 1:19-cv-02903-TCB, 2019 WL 9633376 (N.D. Ga. Dec. 30, 2019) ............ 14

*Manuel v. Convergys Corp.*,
    430 F.3d 1132 (11th Cir. 2005) .................................................... 8, 9, 11

*Marietta Drapery & Window Coverings Co. v. N. River Ins. Co.*,
    486 F. Supp. 2d 1366 (N.D. Ga. 2007) .................................................. 8, 9

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*,
    675 F.2d 1169 (11th Cir. 1982) ........................................................... 8, 9

*Owners Ins. Co. v. Comfort Air Corp.*,
    No. 1:17-cv-1092-WSD, 2017 WL 2813676 (N.D. Ga. June 29, 2017) ............ 14

*SAES Getters S.p.A. v. Aeronex, Inc.*,
    219 F. Supp. 2d 1081 (S.D. Cal. 2002) .................................................... 9

*T.H.E. Ins. Co. v. Acker on behalf of Boyd*,
    No. 1:19-cv-04436-SDG, 2020 WL 3404940 (N.D. Ga. June 11, 2020) ............ 14

*Woo v. Nike, Inc.*,
   No. 10-cv-1018-RWS 2010 WL 1565526 (N.D. Ga. Apr. 19, 2010) ....................9

**Statutes**

28 U.S.C. § 1391(b)(2)................................................................................. 10, 11, 14

28 U.S.C. § 1406(a) ...................................................................................... 1, 9, 10

**Rules**

FED. R. CIV. P. 12(b)(3).................................................................................... 1, 10

## **PRELIMINARY STATEMENT**

By filing this action, Plaintiff Chart Industries, Inc. ("Chart") has engaged in a pattern of delay, obfuscation, and duplicity. Chart's Complaint is a naked attempt at forum shopping, and was filed only *after* it received a courtesy copy of a nearly identical complaint filed by Starr in the United States District Court for the Northern District of California ("Northern District of California"). Chart's Complaint admittedly involves *the exact same facts, claims, and legal theories as Starr's first-filed California Action* and must be dismissed or transferred so that Starr's first-filed action may proceed in the proper venue, where the underlying incident took place, and where the underlying actions are pending or have been litigated. As such, Chart's Complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(3) or, in the alternative, transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

This is an insurance coverage action that arises out of the alleged failure of a liquid nitrogen tank, manufactured by Chart, that took place at the Pacific Fertility Center in San Francisco, California. Following this alleged failure, numerous lawsuits were filed alleging that the tank's failure damaged the underlying plaintiffs' eggs and/or embryos. More than two hundred underlying actions have been filed against Chart in the Superior Court of California, County of San Francisco and the

Northern District of California.  All of the damages alleged in these underlying actions were sustained in California.

On June 10, 2021, a jury verdict was entered in favor of five underlying plaintiffs in the Northern District of California.  This verdict awarded $475,000 in economic damages and $14.5 million in non-economic, emotional distress damages.

At all times prior to filing this action, Chart has repeatedly taken the position with Starr that California law applies to determine the underlying damages, and that the insurer's obligations to Chart in connection with the handling of the claim for coverage are also governed by California law.

Consistent with the location of the underlying incident and the underlying actions, the law governing the damages awarded in those actions, and the parties' discussions regarding the law governing such damages, on June 13, 2022, Starr filed a Complaint for Declaratory Relief and Reimbursement in the Northern District of California.  It was only *after* Starr provided notice of its lawsuit to Chart that Chart rushed into this Court and filed the instant lawsuit.

Chart's retaliatory filing is an attempt at forum shopping that cannot be countenanced.  Starr's first-filed lawsuit involves the exact same issues and parties as Chart's lawsuit; however, it was filed by Starr in the more appropriate venue, where the alleged damages occurred, and where the underlying actions are pending.

Indeed, several underlying plaintiffs have filed an administrative motion to consider whether Starr's declaratory judgment action should be related to one of the underlying actions pending in the Northern District of California. While Starr does not believe that its declaratory judgment action and the underlying actions satisfy the "relatedness" elements under the California Local Rule as a consequence of procedural and party differences, it is patently clear that the underlying actions share a significant factual predicate with Starr's declaratory judgment action. Chart's attempt to avoid the proper venue and litigate in this Court has no basis in law and its Complaint must be dismissed.

## FACTUAL BACKGROUND

Pacific Fertility Center ("PFC") is an entity located in San Francisco, California, which provides fertility treatment services, including the freezing of eggs and/or embryos. (Compl. ¶ 17, ECF No. 1). At its facility in San Francisco, PFC uses cryogenic equipment to freeze eggs and/or embryos. (Compl. ¶ 19, ECF No. 1). One of the pieces of cryogenic equipment used by PFC was a tank allegedly manufactured by Chart ("Tank No. 4"). (Compl. ¶ 19, ECF No. 1). On or about March 4, 2018, Tank No. 4 allegedly experienced a malfunction, which resulted in liquid nitrogen levels in the tank falling to potentially unsafe levels. This

malfunction allegedly damaged the eggs and/or embryos stored in Tank No. 4 (the "Incident").  (Compl. ¶ 22, ECF No. 1).

Following the malfunction of Tank No. 4, in or about March 2018, a lawsuit was filed against Chart, and other defendants, in the Superior Court of California, County of San Francisco alleging damages in connection with the Incident.  To date, more than ninety (90) underlying complaints have been filed against Chart, and other defendants, in the Superior Court of California, County of San Francisco, in connection with the Incident.  These state court cases are coordinated in *Pacific Fertility Cases*, under docket number CJC-19-005021, filed in the Superior Court of California, County of San Francisco (the "State Court Actions").  (Compl. ¶ 27, ECF No. 1).  See Certification of Tara E. McCormack ("McCormack Cert."), Ex.  A at ¶ 12.

Beginning in May 2018, various plaintiffs also filed lawsuits against Chart, and other defendants, in the Northern District of California, the court in which Starr filed its lawsuit.  To date, approximately 148 federal court cases have named Chart as a defendant in connection with the Incident.  These federal court cases are currently coordinated in *In re Pacific Fertility Center Litigation*, under case number 3:18-cv-01586, pending in the Northern District of California (the "Federal Court Actions").  (Compl. ¶ 24, ECF No. 1; McCormack Cert., Ex.  A at ¶ 13).

4

The State Court Actions and the Federal Court Actions (collectively, the "Underlying Actions") generally allege that the underlying plaintiffs had undergone fertility treatments and utilized long-term freezer storage services at PFC's San Francisco location to store their eggs and/or embryos. The Underlying Actions further allege that as a result of the malfunction of Tank No. 4, Chart is liable for damage to the underlying plaintiffs' eggs and/or embryos under theories of negligence and strict liability. (Compl. ¶¶ 24-27, ECF No. 1; McCormack Cert., Ex. A at ¶¶ 13-27).

In one of the Federal Court Actions, five plaintiffs proceeded to trial, which resulted in a jury verdict returned on June 10, 2021. The jury found in favor of those underlying plaintiffs and awarded a total of $475,000 in economic damages and $14,500,000 in non-economic, emotional distress damages. (McCormack Cert., Ex. A at ¶¶ 28-30).

Starr and Chart dispute whether there is coverage for the Underlying Actions and a related global settlement. The disputed coverage issues include, among other things, whether the Underlying Actions seek damages "because of" "property damage." (Compl. ¶¶ 28-32, ECF No. 1; McCormack Cert., Ex. A at ¶ 33). By way of letter to Starr dated February 10, 2022, Chart discussed the nature of the underlying damages including, "the recoverability of non-economic damages for

5

emotional distress arising out of a claim for 'property damage,'" and has consistently

referred to the law of California in this context. (McCormack Cert., Ex. B at 1-3,

wherein Chart cites to California case law on the issue.). Of course, Chart presumes

that its appeal of this issue is governed by California law. (McCormack Cert., Ex.

C).

On May 11, 2022, Chart filed an appellate brief with the United States Court

of Appeals for the Ninth Circuit in support of an appeal of the June 10, 2021 jury

verdict in one of the Federal Court Actions. One of the issues raised by Chart on

appeal is whether emotional distress damages should have been awarded because

they are not recoverable for "property damage" claims under the circumstances

present in the Underlying Actions. (McCormack Cert., Ex. C at 20-21).

Chart has provided its insurers, including Starr, with copies of proposed

settlement agreements between Chart and the underlying plaintiffs, as well as

between Chart and its insurers. Starr provided Chart with its proposed comments

and revisions to those settlement agreements on April 12 and June 9, 2022,

respectively. In response to Starr's comments dated June 9, Chart requested a call

with Starr's counsel, which was scheduled for June 14, 2022. On June 13, 2022,

Starr filed a Complaint for Declaratory Relief and Reimbursement in the Northern

District of California (the "California Action"). (McCormack Cert., Ex. A). In

6

advance of the call scheduled for June 14, 2022, Chart's counsel postponed the call with Starr's counsel, purportedly due to a mediation.  (McCormack Cert., Ex. D at 1-2).  Later that afternoon, Starr provided Chart with notice of the California Action, and sent a courtesy copy of the Complaint in the California Action to Chart's counsel via email.[1]  (Id. at 1).

Chart immediately rushed into this Court and filed the present action on June 14, 2022, in an attempt to frustrate the appropriate venue selected by Starr in the first-filed California Action.  As set forth below, Chart's Complaint in this action is completely inconsistent with this Court's "first filed rule" jurisprudence.  Chart's Complaint should be dismissed or, in the alternative, transferred to the District Court for the Northern District of California so that the parties' dispute may be litigated in the appropriate venue.

---

[1] It bears noting here that the true purpose of Chart's lawsuit is to try to invoke Georgia law on the ability of an insurer to contribute to the funding of an underlying settlement while reserving its right to seek recoupment.  However, up until the time it filed this lawsuit, Chart relied upon California law to demand that Starr fund the settlement and without regard to potential coverage defenses.  (See McCormack Cert., Exs. E, L).  Under California law, an insurer is afforded that right and, indeed, is encouraged to do so.  *See Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 22 P.3d 313 (2001)**.**  Here, Starr has advised Chart that it will contribute to any settlement while reserving its right to seek reimbursement in a declaratory judgment action.  Chart has objected to that reservation – hence this Georgia lawsuit.

# LEGAL ARGUMENT

## I. THE FIRST-FILED RULE SUPPORTS DISMISSAL OR TRANSFER OF THIS ACTION ON GROUNDS OF IMPROPER VENUE.

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Therefore, "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id.*; *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."); *Marietta Drapery & Window Coverings Co. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1368 (N.D. Ga. 2007) ("The first filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case.").

"The [first filed] rule rests on principles of comity and sound judicial administration and serves to maximize judicial economy and minimize embarrassing

inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Marietta Drapery*, 486 F. Supp. 2d at 1368.  In the Eleventh Circuit, "the party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135.  When confronted with a complaint which contradicts the first-filed rule, courts may dismiss the second filed action.  *See Merrill Lynch*, 675 F.2d 1169 (affirming grant of motion to dismiss).  Courts may also elect to transfer the case to the venue where the first-filed action was filed.  *See Marietta Drapery*, 486 F. Supp. 2d 1366; *Hi-Tech Pharms., Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:15-cv-3393-MHC, 2015 WL 12834217 (N.D. Ga. Nov. 18, 2015); *Woo v. Nike, Inc.*, No., 1:10-cv-1018-RWS, 2010 WL 1565526 (N.D. Ga. Apr. 19, 2010) (all transferring venue to venue of first-filed action pursuant to 28 U.S.C. § 1406(a)).[2]  (McCormack Cert.  Exs. F-G).

---

[2] In California, courts similarly have found that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action either by dismissing, staying, or transferring the later filed suit." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002); *see Apple Inc. v. Wi-Lan Inc.*, No. C 14-2838 CW, 2014 WL 4477362, at *4 (N.D. Cal. Sept. 11, 2014) (first-to-file rule favors the forum of first-filed action.).  (McCormack Cert., Ex. H).

Here, there can be no dispute that the first-filed rule is applicable. Both parties seek a declaratory judgment as to coverage under the Starr Policy for the Underlying Actions. Indeed, Chart does not try to disguise this fact – it cites to the California Action and effectively concedes it addresses the same issues presented here. (Compl. ¶¶ 44-47, ECF No. 1). Given the clear overlap in the two cases, and that the California Action is appropriately venued, it is clear that the first-filed rule requires the dismissal of this action pursuant to Fed. R. Civ. Proc. 12(b)(3) or, alternatively, transfer to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

## II.     THE NORTHERN DISTRICT OF CALIFORNIA IS AN APPROPRIATE VENUE.

Starr's California Action was first-filed in a venue that is particularly well-suited to consider the parties' dispute. Chart's declaratory judgment Complaint boldly asserts that Starr's California Action is a "preemptive strike" and an attempt at "forum shopping." (Compl. ¶ 46, ECF No. 1). This could not be further from the truth. The very fact that Chart makes these allegations is just further support that its declaratory judgment action was the later-filed, retaliatory suit. The California Action is appropriately venued in the District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) and was clearly filed first. How a

10

first-filed action can ever be deemed retaliatory in the face of a later filed action strains credibility.

28 U.S.C. § 1391(b)(2) provides that venue may appropriately lie in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  Here, the damages alleged in the Underlying Actions took place in San Francisco, California, where the fertility laboratory and Tank No. 4 were located, and where the alleged Incident occurred.  Further, all of the Underlying Actions are pending in federal or state courts located in the Northern District of California.  Moreover, a full trial was held, before a jury in California, where all depositions, documents, and motions were completed and considered. Under these circumstances, it is clear that a "substantial part of the events . . . giving rise to the claim occurred" in the Northern District of California, such that it is the appropriate venue for the parties' coverage dispute.  28 U.S.C. § 1391(b)(2).

The Eleventh Circuit has developed a collection of factors to be considered in disputes over venue.  Among the factors for consideration are: (1) the "the convenience of the witnesses;" (2) "the locus of operative facts;" (3) "a forum's familiarity with the governing law;" and (4) "trial efficiency and the interests of justice, based on the totality of the circumstances."  *Manuel*, 430 F.3d at 1135, n.1

11

(11th Cir. 2005).   Consideration of each of these factors supports venue in the Northern District of California.

First, the majority of non-party witnesses in this dispute are likely to reside in California, where the Incident occurred, where the eggs and/or embryos at issue sustained damages, and where the parties to the Underlying Actions – those familiar with the events giving rise to the Incident - would reside.   As indicated above, all of the Underlying Actions are venued in California and, thus, the Northern District of California is the "locus of operative facts."   *Id.*

In addition, the Northern District of California is the forum most familiar with the law governing the significant coverage issue in the case.   Namely, California law controls whether \$14.5 million in emotional distress damages awarded by the jury constitute damages "because of" "property damage."   The substantive nature of these damages was decided under California law, by a court in the Northern District of California.   Chart has consistently relied upon California law when discussing the nature of these emotional distress damages.   For example, in a letter to Starr dated February 10, 2022, Chart noted that, "The availability of emotional distress damages under California law does not turn on whether a claim is for negligence or strict product liability." (McCormack Cert., Ex. B).   Similarly, in its appeal brief to the Ninth Circuit Court of Appeals, Chart argued that, "California law does not

12

authorize Plaintiffs' recovery of emotional distress damages." (McCormack Cert, Ex. C at 23-51). Chart has also asserted to Starr and its other insurers that California law governs the insurers' claims handling in connection with this matter. (See McCormack Cert. Exs. E, L). Further, in a January 12, 2021 letter to Starr, Chart cited California law as governing Starr's obligation to evaluate and respond to global settlement and potential bad faith liability. (McCormack Cert., Ex E). Regardless of the law applied to issues of policy interpretation in this case, it is clear that the nature of the underlying damages at issue will turn on questions of California law.[3]

Venue in California is also consistent with interests of justice and the totality of the circumstances. Here, the parties seek a declaration regarding who bears responsibility for funding a judgment and a potential global settlement in connection with hundreds of Underlying Actions brought by underlying plaintiffs in California alleging a significant loss – the loss of eggs and/or embryos. Justice calls for the courts of California to decide an issue which is sensitive and unique to its own citizens. Chart's retaliatory lawsuit is a clear attempt at forum shopping, intended to deprive California of its state interests, and can hardly be considered just. Chart's conduct in this matter is inconsistent with principles of equity and propriety.

---

[3] While recognizing that Georgia law applies to policy interpretation, Starr takes no position on choice of law in connection with claim handling at this time and also notes that the policy contains no forum clause.

Finally, venue in the Northern District of California is consistent with how this Court has routinely interpreted 28 U.S.C. § 1391(b)(2). In insurance coverage actions, this Court has repeatedly held that venue appropriately lies under 28 U.S.C. § 1391(b)(2) based on where the underlying actions and damages occurred. *See T.H.E. Ins. Co. v. Acker on behalf of Boyd*, No. 1:19-cv-04436-SDG, 2020 WL 3404940, at \*2 (N.D. Ga. June 11, 2020) (transferring venue to Newnan Division of this District, pursuant to 28 U.S.C. § 1391(b)(2), because underlying suit was filed in Carroll County); *LM Gen. Ins. Co. v. Corley*, No. 1:19-cv-02903-TCB, 2019 WL 9633376, at \*1 (N.D. Ga. Dec. 30, 2019) (venue proper in this District pursuant to 28 U.S.C. § 1391(b)(2) "because this is the judicial district in which the underlying accident occurred"); *Owners Ins. Co. v. Comfort Air Corp.*, No. 1:17-cv-1092-WSD, 2017 WL 2813676 (N.D. Ga. June 29, 2017) (transferring venue to Southern District of Georgia where underlying accident and litigation were venued.). (McCormack Cert., Exs. I -J).

In sum, the Northern District of California is where a "substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue there is appropriate based on factors provided by the Eleventh Circuit and consistent with how this Court has interpreted 28 U.S.C. § 1391(b)(2). Starr's California Action is

14

not a "preemptive strike" designed at "forum shopping." (Compl. ¶ 46, ECF No. 1). California is where venue for this action appropriately lies under the law.

## CONCLUSION

Starr's first-filed California Action was filed in the appropriate venue and Chart has filed the present action for the sole purpose of forum shopping.  As such, Chart's present action is inconsistent with the first-filed doctrine and Defendant Starr Indemnity & Liability Company respectfully requests an Order dismissing Chart's Complaint or transferring this action to the Northern District of California, so that this coverage dispute may proceed in the appropriate venue.

**[SIGNATURE PAGE TO FOLLOW]**

Respectfully submitted this 28th day of July, 2022.

**FIELDS HOWELL LLP**

*/s/ Jonathan Kramer*
Jonathan Kramer (Bar No. 428967)
655 8th Street NW
Atlanta, GA 30318
Telephone: (404) 412-1250
Facsimile: (404) 214-1251
jkramer@fieldshowell.com

**KENNEDYS CMK LLP**
Christopher R. Carroll (*pro hac vice*)
Tara E. McCormack (*pro hac vice*)
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920
Telephone: (908) 848-6300
Facsimile: (908) 647-8390
Christopher.Carroll@kennedyslaw.com
Tara.McCormack@kennedyslaw.com

*Attorneys for Defendant*
*Starr Indemnity & Liability Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| CHART INDUSTRIES, INC., | ) | |
| | ) | CASE NO.: 1:22-cv-02395-LMM |
| Plaintiff, | ) | |
| v. | ) | |
| STARR INDEMNITY & LIABILITY COMPANY, | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 28, 2022, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all parties.

This 28th day of July, 2022.

**FIELDS HOWELL LLP**

*/s/ Jonathan Kramer*
Jonathan Kramer (Bar No. 428967)
655 8th Street NW
Atlanta, GA 30318
Telephone: (404) 412-1250
Facsimile: (404) 214-1251
jkramer@fieldshowell.com