# Exhibit E

# BARNES & THORNBURG LLP

Prominence in Buckhead
3475 Piedmont Road, N.E., Suite 1700
Atlanta, GA 30305-3327 U.S.A.
(404) 846-1693
Fax (404) 264-4033

www.btlaw.com

Austin Bersinger
Partner
(404) 264-4082
austin.bersinger@btlaw.com
Admitted to Practice Only In: Georgia, Florida

November 24, 2021

**VIA Email and U.S. Mail**

Mr. AJ Patel
aj.patel@allianzrm-us.com
Claims Consultant
Allianz Resolution Manager
P.O. Box 750039
Petaluma, California 94975

**ATTN: Excess Insurer Representatives**
angel.muth@thehartford.com
sean.simpson@clydeco.us
brian.masterson@starrcompanies.com
yara.mouded@gamcustom.com
terese.kerrigan@zurichna.com
csperanz@travelers.comc
hristopher.marston@libertymutual.com
Alex.Potente@clydeco.us
GGruppie@murchisonlaw.com
gnikias@murchisonlaw.com
Brad.Harding@clydeco.us
Brian.Diericks@LibertyMutual.com
marc.orloff@allianzrm-us.com

> RE:  *In re Pacific Fertility Center Litigation*, Case No. 3:18-CV-01586-JSC
> (U.S. District Court for the Northern District of California), *et al.* and
> Related Actions (the "PFC Litigation")
> Insured: Chart Industries, Inc.
> Policy Period: January 1, 2018 to January 1, 2019

Dear Mr. Patel and Insurer Representatives:

    As you know, we represent Chart Industries, Inc. ("Chart") as personal counsel and coverage counsel for the PFC Litigation.

November 24, 2021
Page 2

Chart has received the attached global settlement demand from the PFC Litigation plaintiffs, which expires on **January 10, 2022 at 5:00 p.m**. Pacific Standard Time.   As discussed below and as detailed in the August 25, 2021 supplemental valuation letter from Chart's defense counsel, Swanson, Martin & Bell ("SMB"), this demand is reasonable in light of the magnitude of Chart's exposure in the PFC Litigation, particularly in light of the June 2021 award of nearly $15,000,000 in damages to the first set of PFC plaintiffs.  Accordingly, Chart requests that Allianz and the excess insurance carriers in Chart's commercial general liability insurance tower ("the CGL Tower") make their policy limits available to resolve these serious claims against your insured.

### I.      The Global Settlement Demand is Reasonable

As you are aware, the PFC Litigation arises from an incident at the Pacific Fertility Center ("PFC") in San Francisco, California. In March 2018, one of the tanks used for storing human eggs and embryos for PFC's fertility clients allegedly rose above the acceptable temperature range for the continued viability of the stored embryos and tissue. As a result of this event, numerous actions were filed against several defendants, including Chart and PFC. The PFC Litigation includes claims by over 200 families pending in California state and federal courts.

Specifically, the federal court litigation, *In re Pacific Fertility Center Litigation*, Case No. 3:18-CV-01586-JSC, includes 148 cases that are pending before Magistrate Judge Jacqueline Scott Corley in the United States District Court for the Northern District of California. The parties to the litigation agreed for the Court to hold trials for five plaintiffs at a time until all claims are resolved.

Trial for the first five plaintiffs occurred in June 2021. The jury returned a $14,975,000 verdict and apportioned 90% of the responsibility to Chart. Thus, the total verdict against Chart from the first trial is $13,477,500 – approximately $2.7 million per plaintiff.

Trial for the next set of five plaintiffs is scheduled for January 2022, and there is good reason to think that the verdict in that and future cases could be higher.  In fact, SMB has indicated that Chart's liability in future trials may be higher than the June 2021 trial based on the plaintiffs' relative damages. And, critically, principles of collateral estoppel could foreclose Chart from contesting liability in *all* future trials, which would leave Chart in the untenable position of being able only to contest damages amounts for the more than 200 plaintiffs with cases still pending in federal court.

Based on the liability findings and amount awarded in the first trial and the number of remaining plaintiffs, Chart's exposure in the federal court action alone exceeds the $305,000,000 settlement demand. And, of course, Chart also faces many cases in *state* court as well.  For these reasons, we believe it is imperative that the PFC Litigation be resolved now and are asking Allianz and Chart's other insurers to make their policy limits available to do so.  For its part, Chart will pay the difference between the $252,000,000 liability limits of its insurance tower and the settlement amount in order to put these claims behind it.

### II.     Insurers' Duty to Settle

It is axiomatic that "[w]hen there is great risk of a recovery beyond the policy limits so that the most reasonable manner of disposing of the claim is a settlement which can be made within

**BARNES & THORNBURG** LLP

November 24, 2021
Page 3

those limits, a consideration in good faith of the insured's interest requires the insurer to settle the claim." *Comunale v. Traders & Gen'l Ins. Co.*, 50 Cal. 2d 654, 659 (1958). Where, as here, "multiple insurance policies provide coverage, each insurer's obligation is to cover the full extent of the insured's liability up to policy limits." *Howard v. American Nat'l Fire Ins. Co.*, 187 Cal. App. 4th 498, 525 (2010). Further, "<u>when a settlement offer is made in excess of policy limits and the assured is willing and able to pay the excess,</u>" the carrier must evaluate the offer to settle in <u>good faith</u>. *Merritt v. Rsrv. Ins. Co.*, 34 Cal. App. 3d 858, 877 (1973). "This conclusion flow[s] from '[t]he most elementary notions of fairness and common sense,' which 'require that a carrier at least ascertain whether its insured is willing to make the contribution required by the demand when it is defending an action in which there is a substantial risk that a verdict would exceed policy limits.'" *Spradlin v. GEICO Indem. Co.*, No. 218CV10299SVWKES, 2019 WL 6481304, at *29 (C.D. Cal. Aug. 1, 2019).

Additionally, an "insurer must evaluate the reasonableness of an offer to settle a lawsuit against the insured by considering the probable liability of the insured and the amount of that liability, *without regard to any coverage defenses*." *Rappaport-Scott v. Interinsurance Exch. of Auto. Club*, 146 Cal. App. 4th 831, 836 (2007) (emphasis added). An insurer that rejects a reasonable settlement demand is liable for the entire amount of a judgment against the insured, including any portion in excess of policy limits. *Comunale*, 50 Cal. 2d 654 at 660-61.

Whether a settlement demand is reasonable hinges on "whether, in light of the victim's injuries and the probable liability of the insured, [the] ultimate judgment is likely to exceed the amount of the settlement offer." *Johansen v. California State Auto. Ass'n Inter-Ins. Bureau*, 15 Cal. 3d 9, 16 (1975). For the reasons set forth above, we believe it to be exceedingly likely that if forced to trial, the plaintiffs in the PFC case will be awarded far more than the $305,000,000 demanded. As we have noted, Chart is willing and able to pay the amount of settlement that exceeds its available insurance coverage. The settlement demand accordingly is within the policy limits of Chart's CGL Insurance Tower and it is therefore incumbent upon Allianz and the excess insurers in the CGL Tower to make their limits available to resolve the PFC claims against its insured.

## III.     Conclusion

Please confirm by the **close of business on December 10, 2021** that Allianz and the excess insurers will make their policy limits available to fund the resolution of the PFC Litigation. Should you have any questions, please do not hesitate to call.

Sincerely,

D. Austin Bersinger

Enclosures

**BARNES & THORNBURG** LLP