Exhibit G

Case 4:22-cv-03484-HSG   Document 32-8   Filed 08/17/22   Page 2 of 4

Climax Portable Mach. Tools, Inc. v. Durango Associates, Inc., Not Reported in F.Supp....

1991 WL 25458

Only the Westlaw citation is currently available.

United States District Court, D. Oregon.

CLIMAX PORTABLE MACHINE TOOLS, INC., an Oregon corporation, Plaintiff,

v.

DURANGO ASSOCIATES, INC., a Texas corporation, DND

Corporation, a Texas corporation, and C. Richard Sherer, Defendants.

Civ. No. 90–1296–FR.

|

Feb. 13, 1991.

**Attorneys and Law Firms**

Steven G. Ross, Greene & Markley, P.C., Portland, Or. for plaintiff.

Donald C. McClain, McClain & Rayburn, Portland, Or. for defendants.

OPINION

FRYE, District Judge:

 **\*1**  The matter before the court is the motion (# 6) of the defendants, Durango Associates, Inc. (Durango), DND Corporation (DND), and C. Richard Sherer, for a change of venue pursuant to 28 U.S.C. § 1404(a) and an order of the court transferring this action to the United States District Court for the Southern District of Texas, Houston Division. The defendants make a limited and special appearance pursuant to Fed.R.Civ.P. 12 in order to bring this motion.

BACKGROUND

Plaintiff, Climax Portable Machine Tools, Inc. (Climax), manufactures portable machine tools used in the repair of industrial plant equipment. Durango and DND are competitors of Climax. Sherer is an officer, director and shareholder of Durango.

In 1981, Durango filed suit against Climax for patent infringement in the United States District Court for the Southern District of Texas, Houston Division. In 1986, the court held that Climax had infringed two patents belonging to Durango and entered judgment in favor of Durango for 11.6 million dollars.

In April, 1986, in order to protect its assets while it appealed that judgment, Climax filed a petition in bankruptcy in Portland, Oregon under Chapter 11 of the Bankruptcy Code. In April of 1988, the Court of Appeals for the Federal Circuit affirmed in part and reversed and remanded in part the judgment entered against Climax in the Southern District of Texas. When the case was remanded, the district court heard evidence that during discovery Durango deliberately withheld documents from Climax that would have revealed that the patents Durango claimed that Climax infringed were invalid. Thereupon, the district court vacated its judgment in favor of Durango. On January 9, 1991, the Court of Appeals for the Federal Circuit affirmed that holding *per curiam.*

On November 1, 1990, Climax filed suit in the Circuit Court of the State of Oregon for the County of Multnomah alleging fraud and wrongful initiation of civil proceedings based on the case for patent infringement filed by Durango in the United

**Climax Portable Mach. Tools, Inc. v. Durango Associates, Inc., Not Reported in F.Supp....**

Case 4:22-cv-03484-HSG   Document 32-8   Filed 08/17/22   Page 3 of 4

States District Court for the Southern District of Texas, Houston Division. On December 10, 1990, the defendants removed the case to this court.

## CONTENTIONS OF THE PARTIES

Defendants contend that this case should be transferred to the Southern District of Texas, Houston Division, because 1) the actions giving rise to this complaint arose in the Southern District of Texas; 2) the defendants are corporations of the State of Texas and a citizen of the State of Texas and this action could have been properly brought in the Southern District of Texas; 3) witnesses essential to the defense reside in the State of Texas and are beyond the subpoena power of this court; 4) the interests of justice demand that this case be tried in the Southern District of Texas; and 5) the laws of the State of Texas govern this dispute.

Climax contends that the court should not transfer this case because 1) a significant amount of the damages suffered by Climax are a direct result of the activities of Durango in the State of Oregon; 2) venue in this district is proper; 3) witnesses who will testify on behalf of Durango reside in the State of Oregon; 4) these witnesses cannot be compelled by subpoena to testify in the Southern District of Texas; and 4) Durango has failed to make a clear and convincing showing that the balance of interests strongly favors a transfer to the Southern District of Texas.

## APPLICABLE LAW

**\*2** For civil actions in federal court based on diversity of citizenship, venue is proper in the judicial district where all plaintiffs reside, all defendants reside, or where the claim arose. 28 U.S.C. § 1391(a). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

## ANALYSIS AND RULING

In considering a motion to transfer under 28 U.S.C. § 1404(a), the choice of forum of the plaintiff is entitled to great weight and will not be lightly disturbed, particularly where the forum chosen is the home forum of the plaintiff. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56 (1981). The party seeking the transfer must make a clear and convincing showing that the balance of interests weighs strongly in favor of an alternate forum. *Ayers v. Arabian Am. Oil Co.,* 571 F.Supp. 707, 709 (S.D.N.Y.1983). A transfer which would merely shift the inconvenience from one party to another should also be denied. *Darby Drug Co. v. Zlotnick,* 573 F.Supp. 661, 664 (E.D.N.Y.1983).

The District of Oregon is the choice of forum of Climax. A significant amount of the damages alleged by Climax occurred in the State of Oregon. Neither the Southern District of Texas nor the District of Oregon is a forum convenient for both parties. To grant the motion of the defendants for a change of venue would merely shift the inconvenience from the defendants to Climax. Because the defendants have failed to make a clear and convincing showing that the balance of interests strongly favors transferring this case to the Southern District of Texas, Houston Division, the defendants' motion is denied.

## CONCLUSION

The motion of the defendants for a change of venue (# 6) is denied.

Case 4:22-cv-03484-HSG   Document 32-8   Filed 08/17/22   Page 4 of 4

Climax Portable Mach. Tools, Inc. v. Durango Associates, Inc., Not Reported in F.Supp....

ORDER

IT IS HEREBY ORDERED that defendants' motion for a change of venue (# 6) is DENIED.

**All Citations**

Not Reported in F.Supp., 1991 WL 25458

---

**End of Document**                                      © 2022 Thomson Reuters. No claim to original U.S. Government Works.