Exhibit H

🚩 **KeyCite Yellow Flag - Negative Treatment**
Declined to Follow by Charter Oak Fire Ins. Co. v. Interstate Mechanical, Inc., D.Or., March 29, 2012

2010 WL 3037242
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. California.

COLUMBIA CASUALTY COMPANY, Plaintiff,
v.
SMI LIQUIDATING, et al., Defendants.

No. C 10–02057 CRB.
|
July 30, 2010.

**Attorneys and Law Firms**

Barbara S. Hodous, Steven M. Crane, Berkes Crane Robinson & Seal LLP, Los Angeles, CA, for Plaintiff.

Jon Kevin Adams, William Campbell Morison, Morison Holden Derewetzky & Prough, LLP, Walnut Creek, CA, Jason Charles Kuhlman, Jeffrey C. Mando, Adams, Stepner, Woltermann & Dusing, Covington, KY, for Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**

CHARLES R. BREYER, District Judge.

**\*1** In this insurance coverage dispute, Defendants have moved to dismiss for improper venue, or, in the alternative, to transfer this case to the District of Utah. The Court finds that venue is not proper in this district and that the "interest of justice," *see* 28 U.S.C. § 1406, favors transferring this case to the District of Utah. The Court therefore GRANTS Defendants' Motion to Transfer.

**BACKGROUND**

This diversity action concerns an insurance coverage dispute between Plaintiff Columbia Casualty Company and Defendants, four Utah corporations. Columbia is an insurance company incorporated in Illinois, with its principal place of business in Chicago. Complaint ¶ 3. Defendants SMI Liquidating, Inc., Sorenson Development, Inc., Sorenson Medical Products, Inc., and SDI Residual Assets, LLC are Utah corporations with their principal places of business in Utah. Compl. ¶¶ 4–7. Defendants produce and sell medical devices, including the "Sorenson Pain Pump". Compl. ¶ 8. The "Pain Pump" is used in "post-operative pain management for shoulder surgery." Compl ¶ 9.

In 2007 and 2008, Defendants purchased "claims made insurance polic[ies]" from Columbia. Compl. ¶ 12. Both policies provided coverage for "claims made" against the Defendants of up to $10 million. Compl. ¶ 10. The policies were negotiated by third-party brokers. Compl. ¶ 2. The broker for Defendants was located in Utah, while the broker for Columbia was located

in San Francisco. Wood Decl. ¶ 5. The policies' underwriter was also located in San Francisco. *Id.* ¶ 4. Neither the brokers nor the underwriter are parties to this action.

Beginning in 2008, a number of lawsuits were filed against Defendants by users of the "Pain Pump." Compl. ¶ 8. The suits allege that the pump caused chondrolysis, an untreatable shoulder condition. Compl. ¶ 8. Most of these lawsuits were filed in Kentucky and Ohio. Oppn. at 8.

In February 2008, Defendants tendered defense of the lawsuits to Columbia per the parties' insurance policy. Compl. ¶ 10. Columbia initially agreed to defend the lawsuits and paid claims on Defendants' behalf. *Id.* Columbia maintains, however, that the coverage limit on Defendants' 2007 policy has been or will shortly be reached and that, once that limit is reached, it has no further duty to defend or indemnify Defendants against "Pain Pump" claims, including claims that were filed in 2008. *Id.* Essential to Columbia's position is its view that any claims filed in 2008 are "related" to those filed in 2007.

Defendants, on the other hand, contend that the 2008 claims are not "related" to the 2007 claims and that it therefore has twice as much as coverage as Columbia alleges. In other words, Defendants maintain that the policies provide them with $20 million in coverage ($10 million under 2007 policy and $10 million under the 2008 policy), while Columbia insists that the policies only provide $10 million in coverage (2007 policy only).

**\*2** Through this lawsuit, Columbia seeks a declaration from this Court of its rights and duties with respect to coverage under the policies. Compl. ¶ 18.

Now pending before the Court is Defendants' Motion to Dismiss for Improper Venue Or, In the Alternative, To Transfer Venue.

**LEGAL STANDARD**

In civil actions where jurisdiction is found solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a). This statutory provision provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in:
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. 1391(c).

Plaintiff bears the burden of showing that venue is proper in this district. *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir.1979). If the court finds that venue is improper in this district, the court may transfer the case to any district or division in which it could have been brought if it is in the interests of justice. *See* 28 U.S.C. § 1406(a).

## DISCUSSION

**A. Venue is Improper in this District**

Venue is not proper in this district. Under § 1391(a)(1), venue is proper in a "judicial district where any defendant resides, if all defendants reside in the same state." Though a literal reading of § 1391(a)(1) would suggest otherwise, courts have interpreted § 1391(a)(1) as requiring the "district where any defendant resides" to be in the state where all defendants reside. See *Dashman v. Peter Letterese & Assocs.,* 999 F.Supp. 553, 555 (S.D.N.Y.1998) ("Section 1391(a)(1) cannot be read, however, to mean that as long as all defendants reside in the same state, venue is proper in a district in some other state where any corporate defendant happens to be subject to personal jurisdiction. The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which all defendants reside."); *Jorgens v. P & V, Inc.,* 2007 WL 840309 (E.D.Cal. March 16, 2007) (same). In other words, § 1391(a)(1) requires that all defendants reside in the state where the plaintiff has chosen to file suit.

In this case, Plaintiff alleges the Defendant are all residents of this district because they were all subject to personal jurisdiction here at the time this action was commenced. Opp. at 6; *see* 28 U.S.C. § 1391(a)(1) & (c). Hence, according to Columbia, venue is proper in this district under § 1391(a)(1).

\*3 The Court finds that Columbia has failed to meet its burden of establishing that all four defendants are residents of California, as required by § 1391(a)(1). See *Dashman,* 999 F.Supp. at 555. In support of its assertion that all four defendants are subject to personal jurisdiction in California (and are therefore residents of California for venue purposes), Columbia merely asserts that the Defendants' "products were used throughout the country and [are] alleged to have injured persons throughout the country, including in California." Oppn. at 6. It provides no supporting facts or detail. In contrast, Defendants have submitted evidence indicating that two of the four Defendants, Sorenson Development, Inc. and SDI Residual Assets, have neither "manufactured a pain pump" nor "transact[ed] business in California," strongly suggesting that they were not subject to personal jurisdiction in this state at the commencement of the action and therefore were not residents of the state. Green Suppl. Decl. ¶ 4. Defendants have provided no evidence to the contrary.

In light of the foregoing, the Court finds that Columbia has not established that all four defendants reside in California. Accordingly, the Court finds that Columbia has not met its burden of establishing that venue is proper in this district under § 1391(a)(1).

The Court likewise finds that Columbia has failed to establish that venue is proper under § 1391(a)(2). Pursuant to § 1391(a) (2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Columbia argues that a "substantial part of the events" giving rise to this case occurred in this District because the policies at issue were negotiated and underwritten on Columbia's behalf by entities located in San Francisco. The Court finds that the negotiating and underwriting of the insurance contract, even if they occurred in this district, were not a "substantial part of the events" giving rise to this case.

"In an insurance coverage action, to establish venue via section 1391(a)(2), a court looks to the underlying events for which coverage is sought." *Carolinas Cas. Co. v. Data Broadcasting Corp.,* 158 F.Supp.2d 1044, 1047 (N.D.Cal.2001) (citing cases). In this case, the "underlying events for which coverage is sought" by Defendants—i.e., the "Pain Pump" lawsuits—occurred outside of the Northern District. Columbia concedes that "most" of the "Pain Pump" lawsuits and claims for which Defendants seek coverage were filed in Boone County, Kentucky and southern Ohio. Oppn. at 8. And, though it asserts that

lawsuits have been filed in California, Columbia fails to identify a single suit that was filed in this district. Moreover, to the extent that the "Pain Pump" lawsuits can be viewed as arising out of the improper design or production of the pumps, the proper venue would be in Utah, where the pumps were designed and manufactured. In short, Columbia has failed to establish that any of the "underlying events for which coverage [was] sought" by Defendants occurred in this District.

**\*4** The Court also notes, as Defendants point out, that Columbia's refusal to defend or indemnify the Defendants occurred either in Massachusetts (where Columbia's claims administrator resides) or in Chicago (where the company's principal place of business is located) and that the refusal harmed Defendants in Utah. Reply at 4–5; George Decl. ¶ 1–2.

In sum, the Court finds that Defendants have failed to meet their burden of establishing that a "substantial part of the events" giving rise to this case occurred in this district. This case is fundamentally a dispute between an insurance company in Chicago and an insured in Utah over coverage for claims against the insured that arose in Ohio, Kentucky, and/or Utah. That a non-party located in this district may have been tangentially involved in this case is not sufficient to render venue proper in this district.

**B. Transfer to District of Utah**

Per 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Upon a finding that venue is improper, Columbia asks this Court to transfer this case to the District of Utah, rather than dismiss it. Oppn. at 8. Defendants agree that a transfer to the District of Utah is "in the interest of justice." Mtn. at 8.

The Court finds that this case could have been brought in the District of Utah. Defendants concede that they all reside in Utah. As a result, venue is proper there under 28 U.S.C. § 1391(a)(1). The Court likewise agrees that the "interest of justice" favors transferring the case to that district, rather than dismissing it. Accordingly, the Court GRANTS Defendants' motion to transfer this case to the District of Utah.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3037242

---

End of Document © 2022 Thomson Reuters. No claim to original U.S. Government Works.