# Exhibit I

2015 WL 4914476
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation; and

Travelers Property Casualty Company of America, a Connecticut corporation, Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation; Seth Ravin, an individual; and Does 1 through 10 inclusive, Defendants.

No. C15–02378 CRB
|
Signed August 17, 2015

**Attorneys and Law Firms**

A. Eric Aguilera, Aaron Michael Daniels, Raymond Earl Brown, Angela A. Zanin–Wog, The Aguilera Law Group, APLC, Costa Mesa, CA, for Plaintiffs.

Raymond Hans Sheen, Linda Elaine Klamm, Hanson Bridgett LLP, San Francisco, CA, for Defendants.

### ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

CHARLES R. BREYER, UNITED STATES DISTRICT JUDGE

**\*1** Defendants move to dismiss this action on the grounds that venue is improper in the Northern District of California. *See* Mot. to Dismiss ("MTD") (dkt.12). For the following reasons, the Court GRANTS the Motion, finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7–1(b), and VACATES the August 21, 2015 hearing.

**I. BACKGROUND**

Plaintiffs Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America (collectively, "Travelers") and Defendants Rimini Street, Inc. and Seth Ravin dispute the extent of insurance coverage Travelers must provide to Defendants under a general liability policy and several umbrella liability insurance policies. *See* Opposition to MTD ("Opp'n") (dkt.17) at 3. On February 17, 2015, Oracle International Corporation ("Oracle"), a third party, filed a counterclaim against Defendants in Nevada federal court, alleging copyright infringement, violation of the Lanham Act, intentional interference with prospective economic advantage, inducing breach of contract, breach of contract, unfair competition, unjust enrichment, and an accounting. *See* MTD Ex. B. On March 27, 2015, Defendants tendered their defense of Oracle's counterclaim to Travelers, and on May 18, 2015, Travelers agreed to defend Rimini under a reservation of rights. *Id.* at 4–5. But on May 28, 2015, Travelers filed the instant action seeking a declaration from this Court that the Oracle counterclaim did not trigger coverage under Defendants' existing insurance policies. *See* Complaint (dkt.1). In response, Rimini filed a state court action in Nevada against Travelers on July 10, 2015, seeking declaratory judgment on the same coverage issues. *See* Defendants' Mot. to Abstain and Dismiss, or alternatively, to Stay (dkt.15) Ex. B.

Now pending before the Court are Defendants' (1) Motion to Dismiss for Improper Venue, and Motion to Dismiss Travelers' Equitable Reimbursement Claim, and (2) Motion to Abstain from Exercising Discretionary Jurisdiction and to Dismiss, or alternatively, to Stay this Action.

**II. LEGAL STANDARD**

A defendant may move to dismiss a complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Once a defendant challenges venue, the plaintiff bears the burden of proving that venue is proper in a particular district. *See* Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979). To meet this burden and satisfy the venue requirements of 28 U.S.C. § 1391(b), the plaintiff must show that a civil action was brought in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

When a district court considers a motion to dismiss for improper venue, "the allegations in the complaint need not be accepted as true and the Court may consider evidence outside the pleadings." eBay Inc. v. Digital Point Solutions, Inc., 608 F.Supp.2d 1156, 1161 (N.D.Cal.2009) (citing Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir.2004)). If a court finds that venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III. DISCUSSION

*2 The Court finds that Travelers cannot establish that venue is proper in this district. Therefore, pursuant to 28 U.S.C. § 1406(a), the Court DISMISSES the instant action.

### A. Venue is Improper in this District

#### 1. 28 U.S.C. § 1391(b)(1)

To satisfy § 1391(b)(1), all defendants must reside in the state where plaintiff filed suit. But here, defendant Ravin resides in Las Vegas, Nevada. *See* Ravin Affidavit (dkt.123). Since residency for natural persons is based on where they are domiciled, *see* 28 U.S.C. § 1391(c), Travelers cannot establish that Ravin resides in California. Accordingly, the Court finds that venue is not proper in this district under § 1391(b)(1).

#### 2. 28 U.S.C. § 1391(b)(2)

To establish venue under § 1391(b)(2), Travelers must prove that a substantial portion of the events giving rise to this action occurred in the Northern District of California. Travelers assert that they can meet this burden because Defendants maintain an operations center in this district, and Defendants tendered their defense to the Nevada lawsuit from this California office. *See* Opp'n at 11–13. However, this Court has held that "[i]n an insurance coverage action, to establish venue via section [what is now renumbered as 28 U.S.C. § 1391(b)(2)], a court looks to the underlying events for which coverage is sought." Columbia Casualty Co. v. SMI Liquidating, No. C 10–02057 CRB, 2010 WL 3037242, at *3 (N.D.Cal. July 30, 2010) (quoting Carolina Casualty Co. v. Data Broadcasting Corp., 158 F.Supp.2d 1044, 1047 (N.D.Cal.2001)). In this case, the underlying event for which Defendants seek coverage is Oracle's counterclaim in the Nevada lawsuit. *See SMI Liquidating,* 2010 WL 3037424, at *3 (finding venue improper where "the 'underlying event for which coverage is sought' by Defendant–i.e., the 'Pain Pump' lawsuits–occurred outside of the Northern District"). Oracle brought the counterclaim in Nevada because Rimini and Ravin

"directed their activities at Nevada" and engaged in allegedly unlawful conduct there. MTD Ex. B ¶¶ 12, 20; *cf.* [Carolina Casualty, 158 F.Supp.2d at 1047](https://...) (finding that, although contacts were "far from pervasive", venue was proper because the website and conduct at issue in the underlying suit were in the Northern District of California). Therefore, because the underlying lawsuit for which Defendants seek coverage involves conduct in Nevada and was brought in the District of Nevada, Travelers cannot prove that a substantial part of the events giving rise to the instant action occurred in the Northern District of California.

Accordingly, the Court finds that venue is improper in this district under [§ 1391(b)(2)](https://...).

### 3. [28 U.S.C. § 1391(b)(3)](https://...)

Finally, to satisfy [§ 1391(b)(3)](https://...), Travelers must show that the instant action could not have been brought in any other district. But, as discussed above, the District of Nevada is a proper venue because the counterclaim underlying this insurance coverage action is pending in that district. Furthermore, both Defendants are Nevada residents, *see* Complaint ¶¶ 3–4, thereby satisfying [§ 1391(b)(1)](https://...). Accordingly, the Court finds that venue is improper in this district under [§ 1391(b)(3)](https://...).

### B. Dismissal

**\*3** The decision to dismiss or transfer an action is within the sound discretion of the district court. *[Martensen v. Koch,](https://...)* [942 F.Supp.2d 983, 996 (N.D.Cal.2013)](https://...); *[Omnicell, Inc. v. Medacist Solutions Group, LLC,](https://...)* [272 F.R.D. 469, 473 (N.D.Cal.2011)](https://...). In the instant action, neither party favors transfer: Defendants state that dismissal is a more appropriate remedy, *see* MTD at 8, and Travelers expressly oppose transfer to the District of Nevada, *see* Opp'n at 14–18. When, as here, "no party has advocated for transfer, the Court [may] find[ ] that dismissal is more appropriate." *[Omnicell,](https://...)* [272 F.R.D. at 477](https://...); *see also [King v. Russell,](https://...)* [963 F.2d 1301, 1304 (9th Cir.1992)](https://...) (affirming district court's dismissal because plaintiff expressed no interest in transfer). Additionally, Travelers can assert their claims as counterclaims in the Nevada state court action brought by Defendants. *See, e.g., [Omnicell,](https://...)* [272 F.R.D. at 477](https://...) (stating that "it would be cleaner, procedurally, to dismiss" a case in the Northern District of California and allow plaintiffs to bring counterclaims in a District of Connecticut case). Therefore, the Court declines to transfer this action to the District of Nevada and DISMISSES for improper venue.

### IV. CONCLUSION

For the foregoing reasons, the Court VACATES the August 21, 2015 hearing, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7–1(b), and GRANTS Defendants' Motion to Dismiss for Improper Venue. In light of the above ruling, the Court DISMISSES Defendants' Motion to Abstain from Exercising Discretionary Jurisdiction and to Dismiss, or alternatively, to Stay this Action (dkt.15) as moot.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2015 WL 4914476