# Exhibit J

2015 WL 2228062
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

AMERICAN HOME ASSURANCE COMPANY, Plaintiff,

v.

TUTOR-SALIBA CORPORATION/O&G Industries, Inc. JV; Tutor-Saliba

Corporation; O&G Industries, Inc.; and R&L Brosamer, Inc., Defendants.

Case No. 15–00303 SC
|
Signed May 12, 2015

**Attorneys and Law Firms**

Jennifer Yu Sacro, Palmer, Lombardi & Donohue LLP, Torrance, CA, Joseph Hinkhouse, Smita Mokshagundam, Hinkhouse Williams Walsh LLP, Chicago, IL, Vance Ashley Woodward, Palmer, Lombardi & Donohue LLP, Los Angeles, CA, for Plaintiff.

Marian Kathryn Selvaggio, Nomi L. Castle, Castle & Associates APL, Robert Nida, Robert Nida Castle & Associates, Beverly Hills, CA, Michael John O'Connor, Audrey Jennifer Jing Faber, Kenneth D. Kronstadt, Kelley Drye and Warren LLP, Los Angeles, CA, for Defendants.

*ORDER DENYING MOTION TO DISMISS AND TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA*

SAMUEL CONTI, UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

*1 This is a dispute regarding insurance coverage for the allegedly defective construction of an airport runway in Los Angeles. None of the events giving rise to this lawsuit occurred here, and no party is a citizen of this district. Now before the Court is Defendant R & L Brosamer, Inc.'s ("Brosamer") motion to dismiss for improper venue or, in the alternative, to transfer venue to the Central District of California. The motions are fully briefed,[1] and the Court finds them suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b). For the reasons set forth below, Brosamer's motion to dismiss is DENIED, but Brosamer's alternative motion to transfer venue is GRANTED, and the Court ORDERS that this action be transferred to the Central District of California.

**II. BACKGROUND**

In 2003, the City of Los Angeles (the "City") decided to demolish, relocate, and rebuild a runway at Los Angeles World Airport. Compl. ¶¶ 15–16. The City contracted with Defendant Tutor–Saliba Corporation/O & G Industries, Inc. JV[2] (the "Joint Venture") to demolish the old runway and build the new one. *Id.* ¶ 21. The Joint Venture subcontracted with Defendant Brosamer for concrete and labor. *Id.* ¶ 25. Construction was complete by 2008. *Id.* ¶ 19. In 2013, the City filed a lawsuit in California Superior Court alleging that the Joint Venture and Brosamer's construction work was defective. *Id.* ¶¶ 20, 28–31. Plaintiff American Home issued insurance policies to the City, and Tutor and Brosamer may qualify as insureds under those policies. *Id.* ¶ 6. Tutor and Brosamer tendered the claims in the underlying action to American Home, which is providing them with defenses in that action under a full reservation of rights. *Id.* ¶¶ 7–8. American Home then brought this lawsuit, seeking a declaration that it does not owe any defendant a duty to defend the underlying action. *Id.* ¶¶ 47– 50.

### III. LEGAL STANDARD

Venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which that district is located; or (2) a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). If no such district exists, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. *Id.* For venue purposes, a defendant entity is a resident of any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the action in question. *Id.* § 1391(c).

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action for improper venue. On a Rule 12(b)(3) motion, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings," but the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1137 (9th Cir.2004). When a case is filed in the wrong district, the court may dismiss it, or, if it is in the interest of justice, transfer it to any proper district. *See* 28 U.S.C. § 1406(a).

**\*2** Even if venue is proper where an action is filed, the Court may "[f]or the convenience of parties and witnesses, in the interests of justice ... transfer any civil action to any other District ... where it might have been brought." 28 U.S.C. § 1404(a). The Court must undertake an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000). "To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F.Supp. 503, 506 (C.D.Cal.1992). The Court weighs a series of factors in determining whether the third element is satisfied, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*GNC Franchising,* 211 F.3d at 498. Additionally, the Supreme Court has recognized "a local interest in having localized controversies decided at home." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 260 (1981). Thus, where a "case has a significant connection to the Los Angeles area ..., the Central District has a much more substantial interest in seeing a resolution of th[e] litigation." *Fabus Corp. v. Asiana Exp. Corp.,* No. C–00–3172 PJH, 2001 WL 253185, at \*2 (N.D.Cal. Mar. 5, 2001).

### IV. DISCUSSION

The Court begins by analyzing Brosamer's motion to dismiss. Because Brosamer lacks standing to bring that motion, it is DENIED. The Court then turns to the alternative motion to transfer venue and weighs the factors set out in *GNC Franchising.* The Court concludes that the factors weigh very strongly in favor of transferring this case to the Central District of California.

#### A. *Motion to Dismiss for Improper Venue*

Brosamer first argues that venue is improper in this district because Defendant O & G Industries, Inc. ("O & G") is not a resident of California. As a result, Brosamer argues, not all defendants are residents of California and venue is not proper under 28

U.S.C. Section 1391(b)(1). It is undisputed that the events giving rise to this claim—including both the events giving rise to the underlying state court action and the state court action itself—occurred in the Central District of California. Therefore, Brosamer argues, venue is proper in the Central District of California only, pursuant to Section 1391(b)(2).

Brosamer lacks standing to raise a venue objection on O & G's behalf. "[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties." *Leroy v. Great W. United Corp.,* 443 U.S. 173, 180 (1979). "Improper venue is a defense personal to the party to whom it applies. Thus one defendant may not challenge venue on the ground that it is improper as to a co-defendant." *Pratt v. Rowland,* 769 F.Supp. 1128, 1132 (N.D.Cal.1991). A defendant may bring a motion to dismiss for improper venue *only* in his first response to a complaint. *Id.* ("[D]efendants wishing to raise improper venue as a defense must do so in their *first defensive* move.") (emphasis in original). O & G has answered American Home's complaint, and, though O & G denied that all defendants are residents of California, it has not joined Brosamer's motion, nor has it contested venue in any way. *See* ECF No. 61 ("O & G Answer") ¶ 14. Therefore, O & G has forfeited its opportunity to contest venue, and Brosamer may not raise the issue on O & G's behalf. The motion to dismiss is DENIED.

### B. *Transfer of Venue*

**\*3** The Court turns now to Brosamer's alternative motion to transfer venue to the Central District of California. At the outset, it is important to note that nowhere in its fourteen page opposition brief does American Home offer a single reason that this case should be litigated in San Francisco. The closest it comes is a plea that its choice of forum should be "accorded deference," but it offers no explanation or reason for that choice. *See* Opp'n at 10. On the other hand (and as explained more fully below), there are ample and obvious reasons that this case should be tried in the Central District, including that all of the events giving rise to this action occurred there, the insurance policies at issue were executed there, any witnesses or documentary evidence relevant to this case is there, and the underlying litigation is being heard in courts there.

#### 1. *Proper Venue in Transferor District*

As described above, Brosamer contests only O & G's California residency. Brosamer does not deny that it and Tutor–Saliba are both residents of California, nor does it deny that at least one of them is a resident of the Northern District. Therefore, venue is proper in this district so long as all defendants are residents of California. *See* 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. Section 1392(d), O & G is a resident of the Central District of California if its contacts with that district are sufficient to subject it to personal jurisdiction there. Because the Central District of California is in California, O & G's residency in that district would presumably render it a resident of California as a whole for the purposes of Section 1391(b)(1).

American Home does not allege that O & G is subject to general jurisdiction anywhere in California. Instead, American Home argues that O & G is subject to specific personal jurisdiction. The Ninth Circuit has established a three-prong test for determining specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004). The plaintiff bears the burden of satisfying the first two prongs and, if it does, the burden then shifts to the defendant to show why the exercise of personal jurisdiction would be unreasonable. *Id.*

The allegations in the complaint make it clear that O & G is subject to personal jurisdiction in the Central District of California. O & G formed a joint venture with Tutor–Saliba, a citizen of the Central District. Compl. ¶ 10. O & G then contracted (through the Joint Venture) with the City of Los Angeles to perform construction work for the City in the Central District. *Id.* ¶ 21. O & G therefore purposefully directed its activities at the Central District and consummated a transaction with at least two residents of the Central District (Tutor–Saliba and the City). This claim also arises out of and relates to those activities: the work O & G performed in Los Angeles through its joint venture was allegedly defective, and this is a related insurance lawsuit. There is no indication that the exercise of jurisdiction in California does not comport with fair play and substantial justice; no defendant has suggested that the exercise of jurisdiction in California would be unfair. [3]

*4 As a result, the Court finds that all defendants are residents of California and that at least one is a resident of this district. As a result, venue is proper here pursuant to 28 U.S.C. Section 1391(b)(1).

### 2. *Action Might Have Been Brought in Transferee District*

It is undisputed that venue is proper in the Central District of California. As described above, all defendants are residents of California, and at least two are residents of the Central District (O & G through of its contacts related to this litigation, and Tutor–Saliba by its principal place of business). Therefore venue is proper in the Central District pursuant to 28 U.S.C. Section 1391(b)(1). It also undisputed that venue is proper in the Central District pursuant to 28 U.S.C. Section 1391(b)(2) because the events from which this suit arose took place there.

### 3. Convenience and Interests of Justice

The Court now weighs the factors the Ninth Circuit has identified as relevant to determining whether a transfer of venue serves the convenience of the parties and the interests of justice.

#### i. *Location Where the Agreements Were Executed*

The contracts at issue in this case are the insurance policies that American Home issued to the City. All of them were issued to the City of Los Angeles for a construction project that took place there. Compl. ¶ 6. They do not specify where they were executed, but all of the policies list addresses for both the insured and producer in Los Angeles. *See* Compl. Exs. B at 16; C at 2; D at 3; E at 4; F at 3, 10. The Court finds that this factor weighs in favor of a transfer of venue.

#### ii. *State Most Familiar With Governing Law*

This district and the Central District are both in California. Both are equally familiar with California law. This factor is neutral.

### iii. *Plaintiff's Choice of Forum*

Plaintiff American Home chose this district as the forum for this lawsuit and, by its opposition to this motion, demonstrated a strong preference for this suit to be heard in this district. Strangely, though, American Home is either unwilling or unable to articulate a single reason for that preference. American Home is incorporated in Pennsylvania and has its principal place of business in New York. Compl. ¶ 9 "A plaintiff's choice of forum is generally accorded substantial weight, and the defendant therefore bears a considerable burden in justifying transfer." *Animal Legal Def. Fund v. U.S. Dep't of Agric.,* No. CV 12–4407–SC, 2013 WL 120185, at *4 (N.D.Cal. Jan. 8, 2013). However, "where the operative facts have not occurred within the forum of original selection and that forum has no special interest in the parties or subject matter, the plaintiff's choice of venue merits less deference." *Id.* Additionally, "a plaintiff's choice is also given less deference when the plaintiff resides outside of the chosen forum." *Brown v. Abercrombie & Fitch Co.,* No. 4:13–CV–05205 YGR, 2014 WL 715082, at *3 (N.D.Cal. Feb. 14, 2014); *see also Gemini Capital Grp., Inc. v. Yap Fishing Corp.,* 150 F.3d 1088, 1091 (9th Cir.1998) ("the district court correctly acted on Ninth Circuit authority in granting Plaintiffs' choice of Hawaii as a forum less deference" where no plaintiff was a resident of Hawaii); *Pac. Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."). Thus the Court finds that this factor favors maintenance of this action in this district, but the Court assigns it very little weight.

### iv. *Respective Parties' Contacts with the Forum*

**\*5** There is little evidence of the respective parties' contacts with this forum. American Home asserts that Defendant Tutor–Saliba Corporation has "an extensive presence in the Northern District and particularly in the San Francisco Bay Area." Opp'n at 13. However, Tutor–Saliba's principal place of business is in Sylmar, California, which is in the Central District. Compl. ¶ 10. In fact, no party is is headquartered here. American Home is incorporated in Pennsylvania and has its principal place of business in New York; O & G is incorporated in Connecticut and has its principal place of business in Connecticut; Brosamer operates as the regional office of a parent company headquartered in Chicago. *Id.* ¶¶ 10–11; ECF No. 49 ("Klupp Decl.") ¶ 2, Ex. A. Thus there is no indication that any party to this case has any relevant connection to this district. By contrast, every party was either involved in the construction or insurance of the construction project that occurred in the Central District. The Court finds that this factor favors a transfer of venue.

### v. *Contacts Relating to Plaintiff's Cause of Action in the Chosen Forum*

No party has any contacts to this forum that relate to the Plaintiff's cause of action. The construction project that forms the basis of this action occurred in the Central District; the insurance policies at issue in this case were issued to the City of Los Angeles, which is in the Central District; and the underlying state court lawsuit is taking place in the Central District. There is no connection whatsoever between this lawsuit and the Northern District of California. By contrast, every party has substantial contacts with the Central District relating to American Home's cause of action. The Court finds that this factor strongly favors a transfer of venue.

### vi. *Differences in Costs of Litigation*

American Home makes no argument that it will be cheaper to litigate this case in San Francisco. On the other hand, the underlying action is already being litigated in Los Angeles, no potentially relevant witnesses or evidence is located in the Northern District

(much of the evidence is likely to be located in the Central District), and the parties' counsel is located in Los Angeles. The Court finds that it will likely be significantly more cost effective to try this case in the Central District. This factor, too, favors a transfer of venue.

### vii. *Compulsory Process to Procure Witnesses*

Federal Rule of Civil Procedure 45(a)(2) requires a subpoena to issue from the court where the action is pending. Were venue to remain in this district, this Court would therefore be required to issue any subpoenas necessary to procure witnesses. But those witnesses are likely to be in the Central District, and motions to quash or modify would be made in the Central District. Those motions could be granted there or transferred back to this district. *See* Fed.R.Civ.P. 45(d)(3) (requiring court where compliance with subpoena is sought to quash or modify improper subpoenas); Fed.R.Civ.P. 45(f) (permitting compliance court to transfer motions to issuing court). If such a motion were transferred to this Court, the Court would then need to transfer its order back to the Central District for enforcement. *See* Fed. R. Civ. P. 45(f). Thus while this Court has the necessary power to procure witnesses in this case, the process would be much simpler if this case were heard in the Central District of California.

### viii. *Ease of Access to Sources of Proof*

To the extent that witnesses or documentary evidence will be necessary to resolve this case, it is undisputed that those witnesses and that evidence are located in the Central District. All of the events from which this action arose, whether related to the construction project or the underlying litigation, occurred in the Central District. Indeed, American Home does not even attempt to argue that any relevant evidence is located in the Northern District. Instead, American Home makes the case that this action is purely a matter of law and that no evidence will be required. *See* Opp'n at 11–13. Brosamer disagrees and produces examples of witnesses located in the Central District who may provide relevant evidence. *See* Mot. at 11–12; Reply at 9–11. The Court is not yet in a position to determine the admissibility of all of the evidence (or potential evidence) that the parties discuss. However, the Court notes that American Home's pending motion for summary judgment absolutely touches on factual issues to which witness or documentary evidence may be relevant—for example, the extent to which Defendants' construction work was defective. It is obvious and undisputed that almost all witnesses and evidence relevant to this case are located in the Central District, and that none are located here. The Court finds that this factor favors a transfer of venue.

### ix. *Local Interest*

 *6  The City of Los Angeles purchased the insurance policies at issue in this case, and the extent of the coverage offered by those policies is at issue. The policies were issued to an insured located in Los Angeles by producers located in Los Angeles. The City of Los Angeles contracted for the allegedly defective construction work, and that work was done in Los Angeles. Defendant Tutor–Saliba is based in the Central District, while no party to this case is a citizen of this district. Finally, the underlying lawsuit is taking place in Los Angeles. For all of these reasons, the Central District has a substantial interest in the resolution of this case. This district has no such interest whatsoever.

### 4. *Conclusion*

Venue is proper in both this district and the Central District of California. However, it is abundantly clear that the convenience of the parties and the interests of justice overwhelmingly favor maintenance of this lawsuit in the Central District. Of the factors identified in *GNC Franchising,* only one, the plaintiff's choice of forum, weighs against a transfer. But the Court accords that factor very little weight because none of the events from which this case arose took place in this district and because the plaintiff is not a citizen or resident of this district. One factor is neutral. The others all favor transferring this case to the Central District.

The facts make it obvious that it will be easier, faster, and more cost effective to litigate this case in the Central District, where virtually all of the events giving rise to this case occurred and where the underlying state court lawsuit is being tried. Brosamer's motion to transfer venue to the Central District of California is GRANTED.

### V. *CONCLUSION*

For the foregoing reasons, Defendant R & L Brosamer, Inc.'s motion to dismiss for improper venue is DENIED. Brosamer's alternative motion to transfer venue is GRANTED. The Court DIRECTS the Clerk to transfer this case to the Central District of California. All pending motion hearing dates are hereby VACATED.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 2228062

### Footnotes

| | |
|---|---|
| 1 | ECF Nos. 47 ("Mot."), 55 ("Opp'n"), 58 ("Reply"). |
| 2 | Tutor–Saliba Corporation/O & G Industries, Inc. JV is a joint venture between Defendants Tutor–Saliba Corporation and O & G Industries, Inc. Compl. ¶ 10. |
| 3 | Indeed, O & G has answered American Home's complaint. While O & G suggested that at least one defendant might not be a resident of California, *see* O & G Answer ¶ 14, O & G never contests personal jurisdiction. |

**End of Document**   © 2022 Thomson Reuters. No claim to original U.S. Government Works.