1   MORGAN, LEWIS & BOCKIUS LLP
    David S. Cox, Bar No. 181232
2   david.cox@morganlewis.com
    300 South Grand Avenue
3   Twenty-Second Floor
    Los Angeles, CA  90071-3132
4   Tel:    +1.213.612.2500
    Fax:    +1.213.612.2501
5
    Attorneys for Defendant
6   CHART INDUSTRIES, INC.

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11

12  STARR INDEMNITY & LIABILITY          Case No. 4:22-cv-03484-HSG
    COMPANY,
                                         **DEFENDANT CHART INDUSTRIES,**
13                Plaintiff,             **INC.'S REPLY IN SUPPORT OF ITS**
                                         **MOTION TO DISMISS, STAY, OR,**
14         vs.                           **ALTERNATIVELY, TRANSFER**
                                         **ACTION TO THE NORTHERN**
15  CHART INDUSTRIES, INC.,              **DISTRICT OF GEORGIA**

16                Defendant.            Date:      January 5, 2023
                                        Time:      2:00 p.m.
17                                      Judge:     Haywood S. Gilliam, Jr.

18                                      Trial Date: None set

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 3

        A.      The Court Lacks Subject Matter Jurisdiction.......................................... 3

        B.      The Court Should Exercise Its Discretion Under
                the Declaratory Judgment Act to Dismiss or Stay Starr's Complaint.................... 6

        C.      Alternatively, the Court Should Transfer This Action to the Northern
                District of Georgia............................................................................................ 8

III.    CONCLUSION ................................................................................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-i-

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Arch Ins. Co. v. Fontana Union Water Co.*
No. 16-1790-VAP, 2016 WL 11525899 (C.D. Cal. Dec. 9, 2016)...........................................7

*Cambridge Filter Corp. v. Int'l Filter Co.*
548 F. Supp. 1308 (D. Nev. 1982) .......................................................................................11

*Clinton v. Acequia, Inc.*
94 F.3d 568 (9th Cir. 1996)....................................................................................................1

*Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design*
244 F.3d 521 (6th Cir. 2001) .................................................................................................5

*Gerhart v. United States Dept. of Health & Human Servs.*
242 F. Supp. 3d 806 (S.D. Iowa 2017) ..................................................................................5

*Gov't Employees Ins. Co. v. Dizol*
133 F.3d 1220 (9th Cir. 1998) ............................................................................................6, 7

*Gribin v. Hammer Galleries, a Div. of Hammer Holdings, Inc.*
793 F. Supp. 233, 237 (C.D. Cal. 1992)................................................................................6

*Hall v. Beals*
396 U.S. 45, 90 S. Ct. 200, 24 L. Ed. 2d 214 (1969) ............................................................5

*In re Nintendo Co.*
589 F.3d 1194 (Fed. Cir. 2009) ...........................................................................................11

*In re Shoot the Moon, LLC*
No. 2:15-BK-60979-WLH, 2020 WL 6588407 (Bankr. D. Mont. Nov. 6, 2020) ...................2

*In re Teleglobe Commc'ns Corp.*
493 F.3d 345 (3d Cir. 2007)...................................................................................................5

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) .....................................................3

*Lapachet v. Cal. Forensic Med. Group, Inc.*
No. 16-cv-06959-HSG, 2017 WL 3917209 (N.D. Cal. Sept. 7, 2017)............................11, 12

*Lear Corp. v. Johnson Elec. Holdings Ltd.*
353 F.3d 580 (7th Cir. 2003)...............................................................................................4, 6

*Liberty Ins. Underwriters, Inc. v. O & S Holdings, LLC*
No. 2:18-cv-03176-JAK-SK, 2018 WL 4027014 (C.D. Cal. Aug. 15, 2018) .......................11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*
  89 F.R.D. 497 (C.D. Cal. 1981), aff'd, 726 F.2d 1381 (9th Cir. 1984) .................................. 11

*Lujan v. Defs. of Wildlife*
  504 U.S. 555 (1992) ................................................................................................................ 4

*Merrell Dow Pharms. Inc. v. Thompson*
  478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ...................................................... 2

*Midkiff v. Prudential Ins. Co. of Am.*
  No. 19-CV-01656-JSW, 2019 WL 12469793 (N.D. Cal. Dec. 6, 2019) ............................... 10

*Pacesetter Sys., Inc. v. Medtronic, Inc.*
  678 F.2d 93 (9th Cir. 1982) ..................................................................................................... 9

*RLI Ins. Co. v. Ceradyne, Inc.*
  No. SACV2001997JVSKESX, 2020 WL 12948060 (C.D. Cal. Dec. 28, 2020) ............... 7, 10

*Rubio v. Monsanto Co.*
  181 F. Supp. 3d 746 (C.D. Cal. 2016) ................................................................................ 3, 10

*Saleh v. Titan Corp.*
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) .................................................................................. 10

*Sallyport Global Servs., Ltd v. Arkel Int'l, LLC*
  78 F. Supp. 3d 369 (D.D.C. 2015) ......................................................................................... 11

*Schouest v. Skilled Healthcare LLC*
  No. SACV151207JLSAFMX, 2015 WL 13919146 (C.D. Cal. Nov. 4, 2015) ....................... 9

*Smith v. McCullough*
  270 U.S. 456, 46 S. Ct. 338, 70 L. Ed. 682 (1926) ................................................................ 4

*Sony Computer Ent. Am. Inc. v. Am. Med. Response, Inc.*
  No. C06 06603 CW, 2007 WL 781969 (N.D. Cal. Mar. 13, 2007) .......................................... 9

*Sullivan v. First Affiliated Sec., Inc.*
  813 F.2d 1368 (9th Cir. 1987) .................................................................................................. 5

*Thomas v. Anchorage Equal Rights Comm'n*
  220 F.3d 1134 (9th Cir. 2000) ................................................................................................. 5

*Trustgard Ins. Co. v. Collins*
  942 F.3d 195 (4th Cir. 2019) ................................................................................................... 6

*United Int'l Holdings v. Wharf (Holdings) Ltd.*
  946 F. Supp. 861 (D. Colo. 1996) ........................................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

*Van Dusen v. Barrack*
    376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) ....................................................... 10, 12

*Ward v. Follett Corp.*
    158 F.R.D. 645 (N.D. Cal. 1994) ........................................................................................... 9

*Williams v. Bowman*
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ............................................................................... 10

*Wilton v. Seven Falls Co.*
    515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) ...................................................... 6

*Zimpelman v. Progressive N. Ins. Co.*
    No. C-09-03306 RMW, 2010 WL 135325 (N.D. Cal. Jan. 8, 2010) ..................................... 12

**CALIFORNIA CASES**

*Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*
    45 Cal. App. 4th 1 (1996) ...................................................................................................... 4

*Certain Underwriters at Lloyd's of London v. Superior Court*
    24 Cal. 4th 945 (2001) ........................................................................................................... 1

*Montrose Chem. Corp. v. Superior Court*
    25 Cal. App. 4th 902 (1994) .......................................................................................... 2, 7, 8

*Montrose Chem. Corp. v. Superior Court*
    6 Cal. 4th 287 (1993) ......................................................................................................... 3, 8

*Wash. Mut. Bank, FA v. Superior Court*
    24 Cal. 4th 906 (2001) ........................................................................................................... 5

**FEDERAL STATUTES**

28 U.S.C. § 1391(a)(2) .............................................................................................................. 9

28 U.S.C. § 1404(a) ......................................................................................................... 3, 9, 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

1    I.    **INTRODUCTION**

2          Defendant Chart Industries Inc.'s ("Chart's") pending motion to dismiss or stay this

3    proceeding or, in the alternative, to transfer it to the Northern District of Georgia, is directed at

4    the complaint filed by plaintiff Starr Indemnity Company ("Starr") on June 13, 2022.  In that

5    complaint, Starr purports to seek "a determination of what obligation, if any, [Starr] has to

6    indemnify Chart in connection with various state and federal court actions" (collectively, "the

7    PFC Litigation") arising from a March 2018 accident at the Pacific Fertility Center.  Dkt. No. 1 at

8    ¶ 1.  Because the "duty to indemnify can arise only after damages are fixed in their amount" and

9    Starr has failed to allege that Chart has incurred any liability, much less liability that is apt to

10   impact the Starr excess layer's $100,000,000 attachment point, Starr has failed to plead a

11   controversy between the parties that is ripe for adjudication.  *Certain Underwriters at Lloyd's of*

12   *London v. Superior Court*, 24 Cal. 4th 945, 958 (2001).  At best, Starr has pled that its excess

13   policy *might* one day be implicated by the PFC Litigation, but this is insufficient to confer subject

14   matter jurisdiction on this Court since a "federal court normally ought not resolve issues

15   involving contingent future events that may not occur as anticipated, or indeed may not occur at

16   all."  *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) (quotations omitted).

17         In its opposition to Chart's motion, Starr ignores what it actually has pled and attempts to

18   substitute a new, unpled "case or controversy" for the defective allegations in its complaint.  It

19   claims that "Chart has demanded that Starr tender the full limits of the Starr policy in order to

20   settle numerous underlying lawsuits against it" and that it "agreed to make its full policy limits

21   available to Chart to settle the underlying actions" subject to a right to recoup its contribution to

22   the settlement.  Dkt. No. 32 at 6:14-20.  Starr maintains that a "dispute whether California or

23   Georgia law controls Starr's right to seek recoupment from Chart for any uncovered sums that

24   Starr pays to settle the Underlying Actions" is ripe for resolution.  *Id.* at 11:20-23.  There are two

25   fundamental problems with Starr's new theory of the case.

26         First, none of the foregoing assertions has been alleged in Starr's complaint.[1]  Starr is the

27
_____
28   [1] Starr chides Chart for "conveniently" confining its motion to address the allegations of Starr's complaint rather than
     events that Starr saw fit to omit from its pleading.  Dkt. No. 32 at 11:15-17.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

1    master of its own complaint, which frames the issues to be decided and sets the course for this

2    action.  This Court's "[j]urisdiction may not be sustained on a theory the plaintiff has not

3    advanced."  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809, n. 6, 106 S. Ct. 3229,

4    3233, 92 L. Ed. 2d 650 (1986).

5         More saliently, all Starr does by introducing its unpled "recoupment" dispute is to ask this

6    Court to render yet another impermissible advisory opinion.  *If* Starr actually funded a settlement

7    of the PFC Litigation subject to its reservations of rights, *then* all of its declaratory relief claims

8    would be ripe for adjudication: it would be entitled to a determination of whether it is entitled to

9    seek recoupment and, if so, whether or not the settled claims are covered under the Starr policy.

10   Instead, however, Starr has asked this Court to make a determination that will advise, rather than

11   direct, it in its course of action.  This, the Court may not do.  *See, e.g.*, *In re Shoot the Moon,*

12   *LLC*, No. 2:15-BK-60979-WLH, 2020 WL 6588407, at *5 (Bankr. D. Mont. Nov. 6, 2020)

13   (refusing to consider choice of law question: "[C]ourts should and do decline to resolve these

14   issues 'in the abstract' apart from underlying substantive claims.  Such judicial restraint comports

15   with the prohibition on federal courts issuing advisory opinions.").

16        Starr's attempt to vault its self-interest in obtaining premature determinations as to its

17   "duty to indemnify" before the underlying PFC Litigation has been resolved (and before there is

18   anything for Starr to indemnify) has left its policyholder in limbo.  Contrary to Starr's assertions

19   in its opposition brief, there is no "settlement to resolve the remaining Underlying Actions" (Dkt.

20   No. 32 at 8:18-19) – without Starr making its policy limits available, settlement does not appear

21   likely.  What this means is that Chart is presently left to defend itself in the PFC Litigation while

22   also facing the prospect of a "two-front war" with Starr, one which, aside from draining Chart's

23   resources, poses the danger of collateral estoppel and disruption of the underlying proceedings in

24   the PFC Litigation.  *Montrose Chem. Corp. v. Superior Court*, 25 Cal. App. 4th 902, 910 (1994)

25   ("*Montrose Chemical*").  Under these circumstances, even if this Court did possess Article III

26   subject matter jurisdiction here, a legion of authority instructs that the Court should refrain from

27   exercising that jurisdiction and dismiss or stay this action until the underlying tort proceedings

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

1   have been resolved through adjudication or compromise.  *See* Dkt. No. 20 at 18:12-24:6

2   (discussing case authority staying insurer declaratory relief claims).  Starr's opposition fails to

3   address, much less distinguish, this authority or dispute that the allegations of its complaint

4   present "the classic situation in which the declaratory relief action should be stayed" because "the

5   potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious."

6   *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301-302 (1993) ("*Montrose*").

7       Finally, and alternatively, this action should be transferred to the Northern District of

8   Georgia for "the convenience of parties and witness" and "in the interest of justice."  28 U.S.C.

9   § 1404(a).  Starr's opposition only amplifies its lack of any meaningful connection to California.

10  Most tellingly, it identifies *no* California witness (or any witnesses at all), even though "[t]he

11  convenience of witnesses" – in particular *non-party* witnesses – "is often the most important

12  factor in determining whether a [Section] 1404 transfer is appropriate."  *Rubio v. Monsanto Co*.,

13  181 F. Supp. 3d 746, 762 (C.D. Cal. 2016) (collecting cases).  It offers only silence in response to

14  Chart's identification of three Georgia-based non-party witnesses who may be critical to Chart's

15  defense, but who are beyond the subpoena power of this Court.  And, although it asserts that the

16  issues it has presented in its complaint are simply "a question of law and contract interpretation,"

17  Starr neglects to advise this Court that it has "recogniz[ed] that Georgia law applies" to this

18  question.  Dkt. No. 20-1, ¶ 5 and at 46 n. 3.  In short, Starr provides no real justification for why

19  its claims belong *here*.  Chart's motion to transfer should be granted if the Court does not first

20  dismiss or stay this action.

21  **II.    ARGUMENT**

22      **A.    The Court Lacks Subject Matter Jurisdiction**

23      Starr has the burden of establishing that this Court possesses subject matter jurisdiction.

24  This Court presumptively *lacks* subject matter jurisdiction unless Starr proves otherwise.

25  *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.

26  2d 391 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, [Citation]

27  and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]")

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

1   (citations omitted).  As Chart explained in its opening brief, it is well-settled that the "question

2   whether an insurer has a duty to indemnify the insured on a particular claim is ripe for

3   consideration only if the insured has already incurred liability in the underlying action."

4   *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1, 108 (1996).  Starr's

5   speculative assertions that it could someday be called on to indemnify Chart are "conjectural or

6   hypothetical" rather than "actual or imminent," and thus insufficient to invoke subject matter

7   jurisdiction over its claims for relief.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

8   Consequently, federal courts "regularly say that decisions about [an insurer's duty to indemnify]

9   should be postponed until the underlying liability has been established."  *Lear Corp. v. Johnson*

10  *Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).  As Judge Easterbrook explained in *Lear*

11  *Corp.*:

12      A declaration that A must indemnify B if X comes to pass has an advisory quality;
        and if the decision would not strictly be an advisory opinion (anathema under
13      Article III) it could be a mistake, because it would consume judicial time in order
        to produce a decision that may turn out to be irrelevant.
14

15  *Id.*; *see also* Dkt. No. 20 at 15:16-17:22 (discussing case authority dismissing insurer

16  "duty to indemnify" declaratory relief claims as unripe).

17      Starr's opposition does not grapple with this authority.  And, although it is incumbent on

18  Starr to "show *in [its] pleading*, affirmatively and distinctly, the existence of whatever is essential

19  to federal jurisdiction," it also makes no effort to explain why the allegations of *its complaint*

20  confer subject matter jurisdiction on this Court.  *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.

21  Ct. 338, 339, 70 L. Ed. 682 (1926) (emphasis added).  Instead, Starr points to the lawsuit filed by

22  Chart in the Northern District of Georgia the day after Starr filed this action and claims that

23  Chart's allegations of "[a]n actual and justiciable controversy . . . between Chart and Starr

24  regarding Starr's duty to indemnify Chart" constitute a "judicial admission" that precludes Chart

25  from contesting the Court's subject matter jurisdiction in this action.  Dkt. No. 32 at 11:24-28.

26  The problem with this argument – other than that "judicial admissions" typically are assertions of

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

1  fact rather than legal contentions[2] – is that federal subject matter jurisdiction cannot be conferred

2  by stipulation, waiver or estoppel.  *See, e.g.*, *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368,

3  1374 (9th Cir. 1987) ("It is the traditional rule that the parties cannot by consent, waiver or

4  estoppel obtain federal subject matter jurisdiction.").  Accordingly, Starr cannot cure the

5  jurisdictional defects in its own complaint by relying on Chart's allegations in a different lawsuit.[3]

6  Nor does Starr's improper attempt to argue an unpled "controversy" – "whether California

7  or Georgia law controls Starr's right to seek recoupment" of any settlement it might eventually

8  fund (Dkt. No. 32 at 11:21-23) – create a conflict that could appropriately be resolved by this

9  Court.  The role of a federal court "is neither to issue advisory opinions nor to declare rights in

10  hypothetical cases, but to adjudicate live cases or controversies consistent with the powers

11  granted the judiciary in Article III of the Constitution."  *Thomas v. Anchorage Equal Rights*

12  *Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).  The question Starr poses is purely hypothetical; it

13  would only become justiciable *if and when* Starr actually funds a settlement and, even then, only

14  in the context of the consummated settlement itself.  It is axiomatic that conflicts of laws are

15  resolved on an issue by issue basis and not in a vacuum.  *See, e.g.*, *Wash. Mut. Bank, FA v.*

16  *Superior Court*, 24 Cal. 4th 906, 920 (2001) ("a separate conflict of laws inquiry must be made

17  with respect to each issue in the case").  Starr's free-floating, "choice of law dispute," untethered

18  to any actual settlement, is not an actual controversy that is appropriate for resolution in the

19  abstract.  *See Hall v. Beals*, 396 U.S. 45, 48, 90 S. Ct. 200, 201–02, 24 L. Ed. 2d 214 (1969)

20  ("[W]e are to avoid advisory opinions on abstract propositions of law."); *Gerhart v. United States*

21

22  ———————————————
[2] *See, e.g.*, *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007) ("the judicial admission doctrine is not

23  applicable" to a statement that "appears more like a statement of a legal theory or position [rather] than a statement about an issue of fact").

24  [3] When Chart filed its claims for declaratory relief in the Northern District of Georgia to preserve its choice of forum, it reasonably believed that Starr would imminently tender its policy limits and thereby cement an actual controversy.

25  *See Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design*, 244 F.3d 521, 526 (6th Cir. 2001) ("[A] federal court can, in certain circumstances, acquire subject matter jurisdiction over a declaratory judgment

26  claim that was arguably unripe when filed.").  Since Starr has not done so, Chart recognizes that the arguments it advances here in favor of the dismissal or stay of Starr's action apply equally to the declaratory relief claims Chart

27  filed in Georgia.  Starr's insinuations to the contrary, Chart's motion is not some subterfuge aimed at enabling it to "move forward with, and prosecute its own" declaratory relief claims in the Georgia action.  Dkt. No. 32 at 13:22-27.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

1  *Dept. of Health & Human Servs.*, 242 F. Supp. 3d 806, 817 (S.D. Iowa 2017) (noting how

2  "issuing a decision on the choice-of-law claim—detached from any underlying claims—would be

3  tantamount to an advisory opinion"); *United Int'l Holdings v. Wharf (Holdings) Ltd.*, 946 F.

4  Supp. 861, 866 (D. Colo. 1996) (declining to rule on choice-of-law issue when such a declaration

5  "would be nothing more than an advisory opinion").

6        **B.**      **The Court Should Exercise Its Discretion Under**
      **the Declaratory Judgment Act to Dismiss or Stay Starr's Complaint**

7

8        As Chart explained in its opening brief, the Court can, and should, also dismiss or stay

9  Starr's complaint based on "considerations of practicality and wise judicial administration" that

10  inform the Court's considerable discretion whether to entertain claims brought under the

11  declaratory judgment act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143,

12  132 L. Ed. 2d 214 (1995). These "considerations of practicality and wise judicial administration"

13  militate compellingly against allowing Starr's action to proceed at this time.

14        First, as discussed above, if the Court were to exercise its discretionary jurisdiction it

15  "would raise serious questions about Article III jurisdiction" and could "consume judicial time in

16  order to produce a decision that may turn out to be irrelevant." *Trustgard Ins. Co. v. Collins*, 942

17  F.3d 195, 201-202 (4th Cir. 2019); *Lear Corp.*, 353 F.3d at 583.

18        Second, this Court should "avoid needless determination of state law issues; it should

19  discourage litigants from filing declaratory actions as a means of forum shopping; and it should

20  avoid duplicative litigation." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.

21  1998). Starr's action exclusively presents questions of state law and presents issues that overlap

22  with the underlying PFC Litigation pending in state, as well as federal, courts. Basic principles of

23  comity instruct that the Court should defer Starr's action, particularly where allowing it to

24  proceed would reward Starr for its "preemptive maneuver" in filing this suit before there was a

25  ripe dispute with its policyholder, "in order to seize a California forum." *Gribin v. Hammer*

26  *Galleries, a Div. of Hammer Holdings, Inc.*, 793 F. Supp. 233, 237 (C.D. Cal. 1992) (dismissing

27  declaratory relief action).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

Most significantly, the issues presented by Starr's coverage action overlap with those that will be resolved in the PFC Litigation and, if allowed to proceed, would "result in entanglement between the federal and state court systems" and severely prejudice Chart's ability to defend itself in those underlying actions while also preserving its right to insurance coverage. *Dizol*, 133 F.3d at 1225 n.5. Here, Starr's duty to indemnify Chart is dependent on the outcome of the underlying PFC Litigation and deciding the issue prematurely could interfere with those underlying proceedings. *See, e.g.*, *Arch Ins. Co. v. Fontana Union Water Co.*, No. 16-1790-VAP (KKx), 2016 WL 11525899, at *6 (C.D. Cal. Dec. 9, 2016) (staying "duty to indemnify" declaratory relief claim: "[T]he Court cannot adjudicate these claims at this time because the factual issues therein overlap with those to be resolved in the underlying litigation. In other words, whether Plaintiff has a duty to indemnify Defendants will depend upon what the state court determines in the underlying litigation. . . . Indeed, short of impermissibly litigating the issues already before the state court, the Court has no way of determining precisely what alleged actions by Defendants, if any, gave rise to the injury alleged in the underlying litigation."). More problematically, allowing Starr's action to proceed could severely prejudice Chart's ability to defend the underlying PFC litigation: "If the declaratory relief action is tried before the underlying litigation is concluded, the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action, notwithstanding that any fact found in the insured's favor could not be used to its advantage." *Montrose Chemical*, 25 Cal. App. 4th at 910.

Starr offers only weak resistance to the overwhelming weight of authority favoring the dismissal or stay of its claims. It can be disposed of quickly.

Initially, Starr again invokes Chart's Georgia lawsuit and argues that "[i]f Chart truly believed" its arguments, "it would not have initiated its own competing declaratory judgment action in the Northern District of Georgia." Dkt. No. 32 at 13:4-6. However, Chart filed its Georgia lawsuit in response to being ambushed by its insurer in an inconvenient forum in order to preserve its choice of forum as the "natural plaintiff" or "aggrieved party" in any coverage litigation. *RLI Ins. Co. v. Ceradyne, Inc.*, No. SACV2001997JVSKESX, 2020 WL 12948060,

at *3 (C.D. Cal. Dec. 28, 2020).[4]  If a coverage dispute is to proceed between Starr and Chart, it should proceed in Georgia.  But, as Chart acknowledges in footnote 3 above, it recognizes that the declaratory relief counts asserted in both actions should be deferred.

Next, Starr attempts to brush aside Chart's concerns by mischaracterizing the state of the underlying PFC Litigation as "settled" and falsely asserting that all of the underlying PFC Litigation claims "arise out of the same facts," which "have already been litigated."  Dkt. No. 32 at 13:10-16.  It bears repeating: there is no "settlement" of the PFC Litigation because Starr insists on imposing extracontractual conditions on Chart before it will participate any settlement. Moreover, *no facts* "have already been litigated" finally against Chart, which has appealed the one judgment that has been entered against it.  Dkt. No. 1 at ¶ 32.  And, certainly, Starr's factual allegation that Chart "expected or intended" the injuries suffered by the PFC Litigation has never been litigated and could be catastrophic to Chart if Starr is allowed to press forward with this baseless allegation before the underlying claims have been resolved.  *See Montrose*, 6 Cal. 4th at 301-302 ("when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, *the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the declaratory relief action should be stayed.*") (emphasis added).

Starr has no answer to these arguments.  If the Court does not dismiss its action for lack of subject matter jurisdiction, it should dismiss or stay this proceeding pursuant to the discretion vested in it by the Declaratory Judgment Act.

## C.   Alternatively, the Court Should Transfer This Action to the Northern District of Georgia

Finally, as an alternative basis for relief, Chart asks the Court to transfer this action to the United States District Court for the Northern District of Georgia "[f]or the convenience of the

---

[4] Starr characterizes Chart's filing of a protective lawsuit and its preference to litigate in its home state as a "pattern of delay, obfuscation, and duplicity, not to mention forum shopping and unnecessarily wasting the resources of both the California and Georgia courts."  Dkt. No. 32 at 14:20-24.  The *Montrose Chemical* court criticized the "venom" with which an insurer attacked its insured under similar circumstances: "We suspect Judge Cardozo would turn over in his grave at the thought of a fiduciary thus describing its insured."  *Id.*, 25 Cal. App. 4th at 910 n.7.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

parties and witnesses" as well as "in the interest of justice" pursuant to 28 U.S.C. § 1404(a).  At the threshold, Starr does not dispute that this action "might have been brought" in the Northern District of Georgia, which is a necessary prerequisite to the transfer sought.  *Id*.  Instead, Starr opposes Chart's motion to transfer on three main grounds: (i) its complaint was "first-filed"; (ii) the Northern District of California is a proper venue under 28 U.S.C. § 1391(a)(2); and (iii) "there is a strong presumption in favor of plaintiff's choice of forum[.]"  Dkt. No. 32 at 15:24-25.  None of these arguments is enough to carry the day for Starr.

First, Starr makes much of the "first-filed" rule, which, Starr explains, "is a doctrine of federal comity that allows a district court to decline jurisdiction over a subsequently-filed action when a similar action is already pending in another district."  *Id*. at 13:28-14:2. While the "first-filed" doctrine is one that Starr can raise with the Court in Georgia, it "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."  *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982). Among the manifold exceptions to the "first-filed" rule is where "the balance of convenience weighs in favor of the later-filed action," a standard that "is analogous to 'the convenience of the parties and witnesses' under a transfer of venue motion."  *Ward v. Follett Corp*., 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Sony Computer Ent. Am. Inc. v. Am. Med. Response, Inc*., No. C06 06603 CW, 2007 WL 781969, at *3 (N.D. Cal. Mar. 13, 2007).  In other words, that Starr's action was filed first requires a weighing of various convenience factors, but its status as the "first-filed" action is not itself a weight on the scales.

Second, it is unremarkable that the Northern District of California meets the standards for venue under 28 U.S.C. § 1391(a)(2).  A "transfer under § 1404(a) is 'not condition[ed] ... on the initial forum[ ] being 'wrong.'"  *Schouest v. Skilled Healthcare LLC*, No. SACV151207JLSAFMX, 2015 WL 13919146, at *2 (C.D. Cal. Nov. 4, 2015) (quoting *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex*., 134 S. Ct. 568, 579 (2013)).  Instead, section 1404(a) recognizes that there are *other* venues where an action "might have been brought" and provides a mechanism for transfer in order "to prevent the waste 'of time, energy and money'

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945 (1964).

Third, Starr significantly overstates the deference that is owed its choice of forum.  It cites exclusively to cases in which the plaintiff was a resident of its chosen forum, but it is well-settled that "where the plaintiff does not reside in a forum and [the] forum lacks a significant connection to the activities alleged in the complaint, a court's deference to a plaintiff's chosen venue substantially reduces." *Midkiff v. Prudential Ins. Co. of Am.*, No. 19-CV-01656-JSW, 2019 WL 12469793, at *3 (N.D. Cal. Dec. 6, 2019).  This rule "is predicated on the assumption that when a plaintiff selects a forum other than one in which they reside, he may have engaged in forum-shopping." *RLI Ins. Co.*, 2020 WL 12948060, at *3.  "If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

Whatever minimal deference might be paid Starr's choice of forum is far outweighed by the other factors germane to the analysis, to which Starr pays little heed.  Starr acknowledges that the Court "must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice," but then simply ignores these factors.  Dkt. No. 32 at 16:10-11.

The most significant consideration is "[t]he convenience of witnesses," which "is often the most important factor in determining whether a [Section] 1404 transfer is appropriate." *Rubio*, 181 F. Supp. 3d at 762.  And, "[i]mportantly, '[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor.'" *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)).  Closely tied to this consideration of "convenience of non-party witnesses" is the recognition that "the availability of compulsory process to compel the attendance of unwilling witnesses is an important factor" because "depositions are a poor substitute for live testimony, especially where vital issues of fact

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG

1    may hinge on credibility." *Cambridge Filter Corp. v. Int'l Filter Co.*, 548 F. Supp. 1308, 1311

2    (D. Nev. 1982) (granting motion to transfer to Northern District of California, noting "attendance

3    of witnesses from throughout California could be compelled through subpoenas issued by the

4    proposed transferee court").

5            In its opening brief, Chart noted that it was likely that Chart-affiliated witnesses are, and

6    will be, located in Georgia. *See Liberty Ins. Underwriters, Inc. v. O & S Holdings, LLC*, No.

7    2:18-cv-03176-JAK-SK, 2018 WL 4027014, at *2 (C.D. Cal. Aug. 15, 2018) ("[B]ecause [the

8    defendant insured's] principal place of business is in Tampa, Florida, witnesses and sources of

9    proof for this matter are more likely to be found in Florida than California."). Critically, Chart

10   also specifically identified three *non-party* witnesses located in Georgia who it believes are likely

11   to be significant to its defense of Starr's allegations of intentional misconduct. Starr does nothing

12   to refute these assertions. Nor does it identify *any* California-based witnesses (or any witnesses at

13   all). If Starr had its way, *none* of the witnesses with potentially relevant testimony would be

14   subject to compulsory process in this jurisdiction. This presents a significant obstacle to a fair

15   trial. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499

16   (C.D. Cal. 1981), aff'd, 726 F.2d 1381 (9th Cir. 1984). All witnesses, if they even agreed to

17   appear, would have to travel from out of state to provide testimony. The Northern District of

18   California is a seriously inconvenient forum. *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed.

19   Cir. 2009) ("The convenience and cost of attendance for witnesses" remain "an important factor

20   in the transfer calculus.").

21           Another important consideration is the "familiarity of each forum with the applicable

22   law[.]" *Lapachet v. Cal. Forensic Med. Group, Inc.*, No. 16-cv-06959-HSG, 2017 WL 3917209,

23   at *2 (N.D. Cal. Sept. 7, 2017). The allegations of Starr's complaint require the Court to interpret

24   its policy, which provides that it is governed "by the law of the state where it was delivered,"

25   which was Georgia. Dkt. No. 1-1 at 4. As noted, Starr has "recogniz[ed] that Georgia law

26   applies to policy interpretation," (Dkt. No. 20-1, ¶ 5 and at 46 n. 3.), a factor that further "tips the

27   scale heavily in favor of" transfer. *Sallyport Global Servs., Ltd v. Arkel Int'l, LLC*, 78 F. Supp.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11                          CHART INDUSTRIES, INC.'S REPLY ISO
                            MOT. TO DISMISS, STAY, OR TRANSFER
                            4:22-CV-03484-HSG

1    3d 369, 375 (D.D.C. 2015).  As the Supreme Court observed, "it has long been recognized that:

2    'There is an appropriateness in having the trial of a diversity case in a forum that is at home with

3    the state law that must govern the case, rather than having a court in some other forum untangle

4    problems in conflict of laws, and in law foreign to itself[.]'"  *Van Dusen*, 376 U.S. at 645 (quoting

5    *Gulf Oil Corp.*, 330 U.S. at 509); *see also Zimpelman v. Progressive N. Ins. Co.*, No. C-09-03306

6    RMW, 2010 WL 135325, at *4 (N.D. Cal. Jan. 8, 2010) ("A district court in Minnesota would be

7    more familiar with Minnesota law than a district court in California.  This factor weighs in favor

8    of transfer.").  Here, a district court in Georgia would be more familiar with Georgia law than a

9    district court in California.  This factor, too, strongly supports transfer.

10          As discussed further in Chart's opening brief, and unrefuted by Starr, none of the factors

11    enumerated by the court in *Lapachet* favors retention of this case in the Northern District of

12    California.  *See* Dkt. No. 20 at 25:14-32:2.  Instead they are either neutral or tilt decidedly toward

13    transfer to Georgia.  In particular, the location of potentially critical non-party witnesses, the

14    convenience of all witness and the application of Georgia law to the interpretation of the Starr

15    policy all impel this Court to transfer this action to the Northern District of Georgia, if it does not

16    dismiss it first.

17    **III.    CONCLUSION**

18          For all the foregoing reasons, Starr's action should be dismissed or stayed.  Alternatively,

19    this action should be transferred to the Northern District of Georgia.

20

21    Dated: August 24, 2022                     MORGAN, LEWIS & BOCKIUS LLP

22

23                                              By   /s/ *David S. Cox*

24                                              David S. Cox
                                                Attorneys for Defendant
25                                              CHART INDUSTRIES, INC.

26

27

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

CHART INDUSTRIES, INC.'S REPLY ISO
MOT. TO DISMISS, STAY, OR TRANSFER
4:22-CV-03484-HSG