UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHART INDUSTRIES, INC.,<br><br>Defendant. | Case No. 22-cv-03484-HSG<br><br>**ORDER GRANTING THE MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 20, 29 |

Pending before the Court is Defendant Chart Industries, Inc.'s motion to dismiss or stay. Dkt. No. 20. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to dismiss with leave to amend.

**I.     BACKGROUND**

This is an insurance action regarding Plaintiff Starr Indemnity & Liability Company's duty to indemnify Chart in connection with several state and federal court actions arising from a March 2018 accident at the Pacific Fertility Center in San Francisco, California ("PFC Litigation"). *See* Dkt. No. 1 ("Compl.") at ¶¶ 1, 12–13. The plaintiffs in the PFC Litigation allege that they had undergone fertility treatments at PFC, and stored their eggs and/or embryos at PFC's San Francisco location. *Id.* at ¶ 14. The plaintiffs further allege that the eggs and/or embryos were stored in a freezer tank that Chart had manufactured; the tank failed, and the eggs and/or embryos were destroyed; and Chart knew beforehand that the tank was defective. *Id.* at ¶¶ 15–25. Starr brought this action for declaratory judgment regarding whether it ultimately has a duty to indemnify Chart in the PFC Litigation under its excess liability policy. *See id.* at ¶¶ 44–84.

Chart, for its part, filed a separate declaratory judgment action against Starr in the Northern

1  District of Georgia the very next day.  *See Chart Industries, Inc. v. Starr Indemnity & Liability*

2  *Company*, Case No. 22-cv-02395-LMM (N.D. Ga.).[1]  Chart now moves to dismiss this action

3  under Federal Rule of Civil Procedure 12(b)(1), or in the alternative, to stay this action or transfer

4  it to the Northern District of Georgia.  *See* Dkt. No. 20.

## II.  DISCUSSION

Chart argues that because the PFC Litigation remains ongoing, Starr has no current duty to indemnify.  Dkt. No. 20 at 1, 3–4, 6–10.  Consequently, Chart urges that the case is not ripe and the Court lacks jurisdiction over the matter.  *Id.*

Article III of the U.S. Constitution limits the jurisdiction of federal courts to live "cases" or "controversies."  U.S. Const. art. III, § 2.  One element of this case-or-controversy requirement is that a case must be ripe, meaning "it must present issues that are definite and concrete, not hypothetical or abstract."  *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (quotation omitted).  "Constitutional ripeness is often treated under the rubric of standing because ripeness coincides squarely with standing's injury in fact prong."  *Id.* (quotation omitted).  "[T]o meet the injury-in-fact prong of standing, the plaintiff must demonstrate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'"  *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Here, Chart urges that whether Starr has a duty to indemnify Chart in connection with the PFC Litigation "is of a hypothetical and contingent nature:  the injury may or may not occur depending on the outcome of the [PFC Litigation]."  Dkt. No. 20 at 7 (quotation omitted).  Unlike the duty to defend, Chart asserts that the duty to indemnify turns on a determination of liability in the PFC Litigation.  *Id.*  Chart further argues that it is unknown at this point if Chart's liability in the PFC Litigation will exceed the $100 million in policy limits afforded by Chart's other excess coverage such that Starr's policy will come into play.  *Id.*; *see also* Dkt. No. 1-1, Ex.

---

[1] The Court notes that the Northern District of Georgia case is currently stayed through April 25, 2023, by stipulation of the parties.  *See Chart Industries, Inc. v. Starr Indemnity & Liability Company*, Case No. 22-cv-02395-LMM (N.D. Ga.), Dkt. No. 26.  The parties indicated that they are "in the process of finalizing a settlement," *id.* at 2, although they have not requested such a stay or indicated a possible settlement in this case.

1    A ("Starr Policy") at 2, 14–15 (providing $50 million of coverage for "each occurrence" for losses

2    exceeding the $100 million in "underlying insurance policy(ies)").

3          The parties appear to acknowledge that the PFC Litigation remains ongoing. Although

4    judgment has been entered in one federal case as to five of the individual plaintiffs, the judgment

5    and all the remaining related cases have been stayed pending appeal. *See E. v. Pacific Fertility*

6    *Center*, Case No. 18-cv-01586-JSC (N.D. Cal.), Dkt. Nos. 858, 902, 935; *see also A.B. v. Chart,*

7    *Inc.*, Case No. 21-17016 (9th Cir.). Oral argument is currently scheduled for March 30, 2023,

8    although the parties indicated that they may have reached a settlement. *See A.B. v. Chart, Inc.*,

9    Case No. 21-17016 (9th Cir.), Dkt. No. 42.

10         Generally, the duty to indemnify only arises after damages in the underlying actions are

11   fixed. *See, e.g.*, *Certain Underwriters at Lloyd's of London v. Superior Ct.*, 24 Cal. 4th 945, 958

12   (Cal. 2001); *Nat'l Tr. Ins. Co. v. Finishing Dynamics, LLC*, No. 1:18-CV-0351-AT, 2018 WL

13   8949791, at *5 (N.D. Ga. Sept. 18, 2018) (citing *ALEA London Ltd. v. Woodcock*, 649 S.E.2d 740,

14   746 (Ga. Ct. App. 2007)). The Court recognizes that the Ninth Circuit has previously found that a

15   declaratory judgment action to establish whether an insurer has a duty to defend *and* to indemnify

16   satisfies Article III's case and controversy requirement. *See, e.g.*, *Am. States Ins. Co. v. Kearns*,

17   15 F.3d 142, 144 (9th Cir. 1994). However, the duty to defend—unlike the duty to indemnify—

18   turns on the allegations in the underlying complaint. *See, e.g.*, *Certain Underwriters*, 24 Cal. 4th

19   at 958 ("[T]he duty to defend may arise as soon as damages are sought in some amount."). Starr

20   does not cite—and the Court is not aware of—any Ninth Circuit case in which a declaratory

21   judgment action regarding just the duty to indemnify was found to satisfy Article III. Starr does

22   not address the distinction between the duty to defend and the duty to indemnify at all. Nor does it

23   explain how its duty to indemnify can be resolved before liability is determined in the PFC

24   litigation.

25         Instead, Starr suggests that Chart has already acknowledged that there is an actual and

26   justiciable controversy by filing its own case in the Northern District of Georgia. *See* Dkt. No. 32

27   at 6. In that case, Chart alleges that Starr breached the policy "by refusing to pay its limits to

28   resolve the Underlying Actions despite a prior demand." *See Chart Industries, Inc. v. Starr*

United States District Court
Northern District of California

3

*Indemnity & Liability Company*, Case No. 22-cv-02395-LMM (N.D. Ga.), Dkt. No. 1 at ¶ 47. Chart further contends that under Georgia law, Starr is not entitled to recoup any money it pays in settlement of the PFC Litigation. *See id.* at ¶¶ 7, 53–54. In support of its opposition, Starr has attached Chart's November 2021 demand letter to the excess insurers, including Starr, requesting that they "make their policy limits available to fund the resolution of the PFC Litigation." *See* Dkt. No. 32-6, Ex. E at 2. It has also attached Chart's January 2021 letter to Starr, challenging Starr's refusal to tender its policy limits, which Chart states is "blocking the global settlement." *See* Dkt. No. 32-7, Ex. F at 1.

Chart does not dispute that it has already made a prior demand for payment of the full Starr policy limits or that Starr has refused to comply. Rather, Chart urges that Starr has not adequately alleged this in the complaint in *this* case. Dkt. No. 34 at 4–5. In this way, Chart appears to raise a facial attack under Rule 12(b)(1). *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual."). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* And a court addressing a facial attack must confine its inquiry to the allegations in the complaint. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039, n.2 (9th Cir. 2003); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor.").

The Court is reluctant to credit Chart's apparent gamesmanship, and has little doubt that based on the information Starr has already provided, it can adequately amend its complaint to establish a justiciable case or controversy. *Cf. NewGen, LLC v. Safe Cig*, LLC, 840 F.3d 606, 614 (9th Cir. 2016) ("[A] facial attack is easily remedied by leave to amend jurisdictional allegations pursuant to 28 U.S.C. § 1653."). But Starr has not identified any allegations in the current complaint that establish the case is ripe.[2] The Court therefore **GRANTS** the motion to dismiss

---

[2] To the extent Starr argues that Chart's allegations in the Northern District of Georgia constitute judicial admissions, Dkt. No. 6–7, it has not cited any authority that the Court can consider such

4

based on the face of the complaint with leave to amend.

## III. CONCLUSION

The Court **GRANTS** the motion to dismiss with leave to amend.  Plaintiff may file an amended complaint within 21 days of the date of this order.  Plaintiff's administrative motion seeking leave to file a motion for determination of applicable law, Dkt. No. 29, is **DENIED** without prejudice to raising at a later time.  Given the recent developments in both the Ninth Circuit and Northern District of Georgia cases, the Court further **DIRECTS** the parties to file a status report regarding the status of any settlement negotiations between Starr and Chart, as well as regarding the underlying PFC Litigation, and any impact those developments may have on this declaratory judgment action.  The parties shall file a joint statement of three pages or less by March 10, 2023.

**IT IS SO ORDERED.**

Dated:   3/3/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

allegations in evaluating a facial attack.